## Sorg *versus* The First German Evangelical St. Paul's Congregation.

1. The *onus* of showing error is upon the plaintiff in error.

2. The error must be manifest; and is not to be made out by averment or conjecture.

3. If the rulings of the court below relate to facts, the plaintiff in error must furnish the evidence, or so much as is necessary to make the exceptions intelligible.

4. Whether a witness is an expert qualified to pronounce an opinion is mainly in the discretion of the court below. The Supreme Court will not reverse unless in a clear and strong case.

5. Trustees of charitable and religious societies having no personal or private interest in the property held by the corporation, are competent witnesses in any action in which the corporation is a party.

November 5th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county :* No. 42, to October and November Term 1869.

This was an action of debt by John H. Sorg against the First German Evangelical St. Paul's Congregation. The action was commenced December 2d 1867, and was for a balance claimed by the plaintiff to be due him for building a church edifice.

The building was erected under a contract dated August 1st 1865, between Ernest Rohrkaste and others, trustees of the defendant of the first part, and the plaintiff and another of the second part, by which they "in consideration of the sum of $25,500, payable as hereinafter provided, hereby convenant and agree with the said parties of the first part, their successors in office, to build a church, &c., said building to be erected in accordance with the plans and specifications made by Griese & Weile, Cleveland, Ohio, architects; and the said parties of the second part shall in all respects relative to the erection of said building be subject and strictly guided by and conform to the orders and directions given by said architects. The said parties of the second part hereby further bind themselves to have the building by December 1st 1865, under roof; and that by July 1st 1866, the said church be entirely completed. The meaning of the foregoing sentence 'under roof' is, that by the first day of December next, all internally in the church buildings shall be completed and the roof thereupon. Payments to be made by the parties of the first part in accordance with the conditions contained in the specifications. It is further agreed between the parties hereto, that each one of the parties to this agreement give security in the sum of $5000 for the faithful performance of the obligations the respective parties have hereby assumed." The article of agreement was the only part of the evidence which was contained in

[Sorg *v.* First German Congregation.]

the paper-book. From the "history of the case," it appeared that the building was not under roof on the 22d of December 1865, and on the night of that day there was a storm by which a great part of the gable and all the rafters were blown down. The plaintiff rebuilt these at an expense of $1500, and delivered the building completed at the time stipulated. The plaintiff claimed this sum in addition to the contract price. The plaintiff alleged and on the trial gave evidence for the purpose of showing, that the accident though caused directly by the storm, was the result of a radical defect in the plan and that the architect was advised of the defect, but declined to remedy it. At the time the contract was executed, each party gave to the other a judgment bond with sureties conditioned for the faithful performance of the covenants. There was a settlement between the parties after the church was completed and it was ascertained that $3000, part of the contract price, were due from the defendants; this sum was paid and the judgment-bonds surrendered. The plaintiff alleged that this settlement included nothing but the contract price; the claim for the extra work being still insisted on.

On the trial before Judge Kirkpatrick, the plaintiff examined A. Romach, who testified that he was a house-carpenter and had worked at this church; that he had been a carpenter for about thirty years, had taken contracts to build houses and professed to know something of plans and specifications. The plaintiff then proposed to ask him: "What in your opinion was the cause of this fall, independently of the storm? Was it or not from any defect of the plan, if so, from what, and how could it have been prevented?" The defendant objected to the question, it was over-ruled by the court and a bill of exceptions was sealed. The defendant offered Ernest Rohrkaste, one of the trustees who executed the articles of agreement for building the church and who was an obligor in the bond to plaintiff. On this bond judgment had been entered. A scire facias had been issued on the judgment; there had been a verdict for the defendants; a motion for a new trial, which had been overruled, but no judgment had been entered for the defendant. The plaintiff objected to the witness as incompetent from interest. The witness was admitted and a bill of exception sealed.

The plaintiff submitted nine points, all of which were refused but one. It is not necessary to state them, as the errors assigned to their answers were not in accordance with the rules and as the charge of the court below and the opinion of the Supreme Court exhibit the questions decided.

The defendant's point was that the plaintiff could not in this action recover the cost of rebuilding the gable and rafters blown down; to which the court answered: "Affirmed; unless you find the rebuilding was done upon a promise by the defendant to pay

the same beyond the amount named in the contract." The portion of the charge contained in the paper-book is as follows :—

"Having thus gone over, according to our best recollection, the main features of this case, we will now proceed to give you the law governing them, which will control you in finding your verdict upon the facts as they may be discovered by you.

"1. If you should find that the church was to be roofed in by December 1st 1865, and it was not so done, and that in consequence thereof, and by no fault of the defendants or their agents, it was struck by the storm and blown down, the plaintiff cannot recover, and your verdict must be for the defendants.

"2. In order to satisfy you that the time was enlarged, the burden of proof is upon the plaintiff, and the evidence which he adduces, and by which you find the fact of its enlargement, must be clear, distinct and entirely satisfactory; we instruct you that the modification or overthrow of a solemn written agreement can only be safely ventured upon on the strength of evidence, of kind and character such as we have mentioned. You, however, are the judges of the evidence in this and every other branch of this case, and upon you is properly devolved by the law the duty and responsibility of weighing its value and estimating the degree of credit to which it may be entitled.

"3. If you should be of opinion that the time for roofing in this building was enlarged; that the plaintiff did not use due diligence in procuring his material and erecting the edifice, and that it was not owing to any fault of the defendants or their agents that the building was struck by the storm and blown down, the plaintiff cannot recover, and your verdict must be for the defendants.

"4. But even if you should find that the time was enlarged, and that the plaintiffs used all due and proper diligence in the procurement of material and in the erecting of the building, and you also find that by every subsequent act or word, either in the reerection of the building without notice to the defendants, that he would look to them for compensation, or a promise upon their part that he should be compensated, or at the settlement spoken of by the witnesses, he did or said anything by which in your judgment he showed that he did not contemplate looking to the defendants, he cannot recover, and your verdict must be for the defendants.

"5. If you should find that there was a settlement as detailed by the witnesses, and that that settlement was at the time (no matter what the plaintiff might have since done) considered by all the parties a complete and final settlement of all their claims and accounts—this claim included—the plaintiff cannot recover, and your verdict must be for the defendants.

"6. If you should find it to be a part of the contract and

[Sorg *v.* First German Congregation.]

specifications attached and therein alluded to, as claimed by defendants, that 'should the contractor or sub-contractor present any bill for extra work, performed without having informed the architect or committee of the same, or without having made an agreement in writing with said architect or committee, then the said contractor would have no authority to claim payment for such additional work performed,' and that the work for which compensation is now sought is such work as was therein and thereby contemplated and intended, and that there was no agreement in writing by the defendants, or the architect, or the building committee, authorizing and directing the same to be done, the plaintiff cannot recover, and your verdict must be for the defendant.

"7. From all the evidence in the case, if you should be of opinion that the church was destroyed as claimed, without default or negligence on either the part of the plaintiff or defendants, the plaintiff cannot recover, and your verdict must be for the defendants; and for the reason that he could have provided against this and all like contingencies in his contract, and having failed to do so, the loss must be his and not the defendant's.

"8. If you should find from all the evidence in the case, that the time was enlarged and that the plaintiff did use all diligence and was guilty of no default in the prosecution of his work, and that from some default, neglect or interference of the defendants or the architects or agents, this loss occurred, the plaintiff may recover.

"9. If you should be of opinion that the plaintiff was induced to re-erect the gable and roof by any promise or inducement so held out or made by the defendants, or any one properly representing them, as to influence him thereto, the plaintiff is entitled to recover.

"10. If you shall find that the loss occurred by any change in the original plans or specifications upon the part of the defendants or their architects, by whom it is admitted he was to be controlled or governed, the plaintiff is entitled to recover.

"11. If you shall find from all the evidence in the case, that the loss was occasioned by the conduct of the defendants, their agents or architects, and not by any default, misconduct or neglect on the part of the plaintiff, he is entitled to recover."

The verdict was for the defendant.

The plaintiff took a writ of error and assigned for error the rulings as to the evidence:—the refusal to charge as requested in the several points of the plaintiff; the answer to the defendants' point and the fourth paragraph of the charge.

*H. Burgwin,* for plaintiff in error.

[Sorg *v.* First German Congregation.]

*Collier, Miller & McBride,* for defendant in error.

The opinion of the court was delivered, January 3d 1870, by

SHARSWOOD, J.—Upon the plaintiff in error is the onus of showing that there is error in the record. The error must be manifest and is not to be made out by averment or conjecture. Hence if the rulings of the court below relate to the facts, it is his duty to furnish the evidence, or at least so much of it as may be necessary to make the exceptions intelligible. A proposition presented as a point may be abstractly true, yet in the concrete, in its application to the facts disclosed in the evidence, it may be irrelevant, and only calculated to mislead the jury from the true questions involved in the controversy. We have been furnished by the plaintiff in error with none of the evidence, except an agreement of August 1st 1865, and not the whole of that, as the defendants allege, for the specifications referred to in it and executed at the same time, and which therefore form a part of it, are not given. Whether the action was brought upon this agreement does not appear; for there is no copy of the declaration on the paper-book. All that we have are the docket-entries, which inform us that it was an action of debt. In undertaking to decide upon alleged errors, with such scanty materials, we would be groping in the dark. But, besides this, the rules of the court, in regard to assignments of error, have not been complied with. "When the error assigned is to the charge of the court, the part of the charge referred to must be quoted *totidem verbis* in the specification:" Rule VII., 6 Harris 578. Answers to points are clearly within this rule. All the assignments, except the first and second, are open to this objection. They set out a simple refusal or affirmance of the points, when every one of them was, in fact, accompanied with some qualification or explanation, not quoted in the specification. The tenth assignment, which relates to a part of the charge, does not quote the language of it. According to Rule VIII., we are justified in holding all these assignments as none.

It is true that we may, and sometime have, overlooked such irregularities where manifest error has appeared and injustice been done. But that is not the case in this instance. Taking the charge and answers altogether, with the plaintiff's own history of the case, we think that no substantial error was committed by the learned judge below of which the plaintiff in error has any right to complain. The plaintiffs made a written contract on the 1st of December 1865, to build a church for the defendants, according to plans and specifications of certain architects, and under their directions, for a fixed sum. They bound themselves to have the building under roof by December 1st 1865. They failed in this engagement, how or why we are not told. The building being still open and without a roof, on the night of December 22d 1865,

[Sorg v. First German Congregation.]

the wall of one of the gable ends was blown down by a violent storm. The plaintiffs, without any agreement or understanding with the defendants, rebuilt this wall. It is for the cost of this rebuilding, as extra work over and above the sum named in the written contract, that this action was brought. They now allege that the injury was owing to the want of skill in the architects and to defects in their plan. The jury were instructed that if the fall of the wall was a providential occurrence, without fault in either party, the plaintiffs could not recover ; that it was a contingency against which they should have provided in their contract. It was left to the jury to say, upon some evidence, we must presume, whether the time for putting the building under roof was enlarged, and that if they should find, from all the evidence in the case, that the time was enlarged, and that the plaintiffs did use all diligence, and were guilty of no default in the prosecution of the work ; and that, from some default, neglect or interference of the defendants, or their architects and agents, this loss occurred, the plaintiffs might recover. As to the alleged settlement, we have not the evidence to enable us to judge of the accuracy of the charge, and the answer to the ninth point, which refers to the same matter ; but if there was evidence, which we must presume, to submit the question as stated by the judge, it was an accord and satisfaction. There may have been error in this, but it has not been made to appear. The language of some of the answers may be open to criticism, as not entirely consistent with the general principles stated in the charge, but, taken altogether, the jury could not have been misled. We are satisfied, then, that no injustice has been done by the verdict and judgment below.

We come now to the consideration of the errors which have been assigned according to rule. The first is, because the court refused to permit A. Romach, a witness for the plaintiffs, to be asked "what, in your opinion, was the cause of the fall of this wall, independently of the storm? Was it or not from any defect of the plan ; and if so, from what, and how could it have been prevented ?" This was objected to because the witness was not an expert, whose opinion was competent. He was a house-carpenter —had taken contracts to build houses, and professed, as he said, to know something about plans and specifications. This preliminary question of fact as to whether a witness is an expert, qualified to pronounce an opinion, as we have held in The Ardesco Oil Company v. Gilson, decided in this term (antè, p. 146), must in a great measure, be confided to the discretion of the court below trying the cause, and we will not reverse either on account of admission or rejection of such evidence, unless in a clear and strong case. This is not such a case. The witness was not a mason or architect, and professed no knowledge or experience in building walls. It would not have been error to have received

13 P. F. Smith—11

[Sorg *v.* First German Congregation.]

it, neither can we pronounce it to be an error, which subjects the judgment to a reversal, that it was rejected. It lies within the limits of discretion. This renders it unnecessary to consider the other objection to these questions as leading.

The second error assigned is in admitting Ernest Rohrkaste as a witness on part of the defendant. He was objected to on the ground of interest. The plaintiff offered a record of the Common Pleas, No. 442, March Term 1867. A copy of this record, or even of the docket-entries, is not furnished. But if we take the plaintiffs' statement of it, in his history of the case, it was a judgment on a bond given to secure the plaintiffs on the building contract, in which the witness was one of the obligors, and on a scire facias issued upon it there had been a verdict for the defendants, but no judgment entered upon it. Admitting, however, that the original judgment still stood unaffected by this subsequent proceeding, how does it appear that the witness was interested in this suit? His suretyship was for the fulfilment of the written agreement by the defendants—the payment of the sum therein stipulated—which had been paid in full, and the amount claimed in this action was no part of that sum, but something extra and beyond it. It was also objected that the witness was a trustee of the church and a member of the building committee. This appeared, indeed, by the written agreement. But the trustees of charitable or religious societies, having no personal and private interest in the property holden by the corporation, are competent witnesses in any action in which the corporation is a party: 1 Greenl. on Ev. § 333.

Judgment affirmed.