## City of Allegheny *versus* Black's Heirs

Where, by the opening of a particular street by the municipal authorities, the owner of property through which it passes is enabled to lay out another street or streets upon his own land, thereby increasing his available frontage and the market value of his property as a whole, this circumstance may be taken into account by a jury in estimating the benefits to be assessed upon such owner.

Pittsburgh and Lake Erie R. R. Co. *v.* Robinson, 14 Norris 426, distinguished.

November 10th 1881. Before SHARSWOOD, C. J., MERCUR, PAXSON, TRUNKEY and STERRETT, JJ. GORDON and GREEN, JJ., absent.

ERROR to the Common Pleas No. 2, of *Allegheny county :* Of October and November Term 1881, No. 293.

This was an appeal by the heirs of George Black from the report of viewers on the opening of Frazier street in the city of Allegheny, from Western avenue to Ridge avenue, along the western line of property belonging to appellants. An issue was framed by the court, wherein the appellants were plaintiffs and the city of Allegheny defendant, to determine what damages plaintiffs were entitled to for said opening.

On the trial, before KIRKPATRICK, J., the defendant called Isaac M. Penneck to the stand, and proposed to prove by him and other experts, that the opening of Frazier street along the west line of the Black property, from Western avenue to Ridge avenue, would enable the owners of that property to subdivide in into blocks of lots by streets and alleys opening into Frazier street, which subdivision of the property would largely increase its value.

Plaintiffs objected to this offer as irrelevant and incompetent, because the inquiry for the jury was what are the benefits and damages inflicted by the location of Frazier street proposed, and not as affected by the question of ulterior streets or alleys, that may or may not be made, either under public authority or by the private owners of the property, by reason of the opening of Frazier street.

Objections sustained ; evidence excluded ; exception.

This offer of evidence constituted what was termed offer (A.)

The defendant then called Robert McKnight to the stand, and made a similar offer, which was also objected to and excluded. Exception.

This constituted what was known as offer (B.)

A verdict was rendered for plaintiffs in the sum of $13,000, and judgment was entered thereon. Defendant thereupon

[Allegheny v. Black.]

took this writ, assigning for error the exclusion of its offers of evidence.

*W. B. Rodgers*, city solicitor, for the plaintiff in error.—In estimating the advantages in cases of this kind, any and every thing peculiar to the property resulting from the opening of the street which is beneficial in its nature, should be considered. The inquiry is not to be limited to the uses to which the owner may wish to put it, but to its general market value for any purpose that will induce persons to purchase: Shenango & Allegheny R. R. Co. *v.* Braham, 29 P. F. Smith 453; Cummings *v.* Williamsport, 3 Nor. 479; Furman Street, 17 Wend. 669; McTerren *v.* Mont. R. R. Co., 2 W. N. C. 41; City of Philadelphia *v.* Linnard, 10 W. N. C. 151; Pittsburgh & Lake Erie R. R. Co. *v.* Robinson, 14 Norris 426; The Newville Road Case, 8 Watts 172; Ferry *v.* Hartford, 39 Conn. 286.

*George Shiras, Jr.*, for the defendants in error.—The effort was to have witnesses state what, in their opinion, would be the result of opening other streets and alleys after Frazier street should be opened. The vice of such an offer is, not only that the result of opening future streets is purely conjectural, and that it is altogether uncertain whether such streets will ever be opened, but also that the owners would thus be charged twice with the same benefits. In other words, street A being constructed, the city proposes to offset the damages thereby occasioned, by calling witnesses to say what might be the effect of afterwards opening street B. But there was no offer to show that street B would ever be opened. And if street B should be hereafter opened, the benefits occasioned by opening it would legally be chargeable against the disadvantages occasioned by its construction. Hence, the benefits occasioned by opening street B would be charged twice—first, against the damages caused by opening street A; second, against the damages caused by opening street B.

None of the authorities cited by plaintiff in error sanction the offers.

It is said that even if the city should not open future streets, defendants in error may do so. But surely it cannot be held that they are bound to dedicate to the public additional portions of their property, in order to lessen the damage occasioned by the public taking a portion in the first place.

Mr. Justice Paxson delivered the opinion of the court, November 21st 1882.

The measure of damages for the taking of land for a public highway, is the difference between the market value of the en-

[Allegheny *v.* Black.]

tire property, at the time a portion of it is taken, or the injury committed, and its market value after such injury. See Shenango and Allegheny Railroad Company *v.* Braham, 29 P. F. S. 447, where many of the authorities are collected. In estimating the market value of the land, everything which gives it intrinsic value is to be taken into consideration. And it is not to be limited to a particular use. Ibid., and see Cummings *v.* City of Williamsport, 3 Norris 472. But, in considering the advantages, it is not competent for the jury to consider the possibility, that the municipal authorities may at some future day open other streets through or near the property, which, when so opened, will render it more valuable for building lots. This results from two reasons: 1. Such streets may never be opened; and, 2. Should they be opened, the owner would be then liable to have his property assessed for such benefits as may follow from such opening. This would render him liable to be assessed twice for the same thing, which cannot be permitted.

But where by the opening of a particular street by the municipal authorities, the owner of property through which it passes is enabled to lay out another street or streets upon his own land. thereby increasing his available frontage and the market value of his property as a whole, there seems no good reason why such state of facts should not be considered by the jury in estimating the benefits. It is true, the owner may not choose, and certainly is not bound to open streets through his property and dedicate them to public use, to enhance the value of his remaining property. He may prefer to keep his land to grow cabbages. But, as before observed, the use is not the test. It is the market value, for any use for which it is available. Whatever contributes to the market value of the property is a fair subject for consideration. In the Pittsburgh and Lake Erie Railroad Company *v.* Robinson, 14 Norris 426, it was held, in the case of a manufacturing establishment claiming damages for the taking of a portion of its land for a railroad, that it was competent for the latter to show, and for the jury to consider, that the company's depot was convenient to the said manufactory, and that a switch connection was practicable. In the City of Philadelphia *v.* Linnard, 2 Out. 242, where the owner in rebuilding had been compelled to recede to the new line of Chestnut street, the city was permitted to show, in determining the market value of the property after the recession, the probability that the adjoining houses would be set back at some future period, in conformity with the Act of Assembly, which requires such recession in case of rebuilding.

We are of opinion, the evidence, referred to in the assignments of error should have been admitted. By defendants'

offer (A), it was proposed to prove by the witness on the stand and other experts, "that the opening of Frazier street along the west line of the Black property, from Western avenue to Ridge avenue, would enable the owners of that property to subdivide it into blocks of lots by streets and alleys opening into Frazier street, which subdivision would largely increase its value." This offer was objected to, for the reason that, "the inquiry for the jury is, what are the benefits and damages inflicted by the location of Frazier street proposed, and not as affected by the question of ulterior streets or alleys, that may or may not be made, either under public authority or by the private owners of the property, by reason of the opening of Frazier street." The learned court sustained the objection and excluded the evidence. This was error. The offer did not refer to streets hereafter to be opened by the municipal authorities. It was to show the facilities which the opening of Frazier street would give to the owners of the Black property, to subdivide it by laying out streets and alleys through it, opening into Frazier street; and that such facilities would largely increase its value. We are bound to assume the facts to be as stated in the offer. They show that the opening of Frazier street would enable the owners to subdivide their property, and thus greatly increase its value. That the owners may not desire to avail themselves of the privilege, is not material.

Judgment reversed, and a venire facias de novo awarded.