## Phillips, Appellant, *v.* St. Clair Incline Plane Co.

*Streets—Private rights of way—Local act, June 16, 1836.*

Under the act of June 16, 1836, P. L. 753, designating what streets, lanes and alleys within the city of Pittsburgh shall be public highways, a street which has not been actually opened for travel, and is not fairly practicable for travel, is not a public highway.

The tenants in common of a tract of land made partition of the land amongst themselves, designating on a plan which they adopted, and in their cross-deeds, certain streets. Neither the deeds nor plan were recorded, and no marks on the ground indicated the streets. The streets were not approved by any public authority, and they were in no way opened or traveled upon. Without a large expense in grading by heavy cutting and filling, they were inaccessible to ordinary travel. *Held,* that they were mere private rights of way.

*Railroads—Eminent domain—Statutory remedy.*

The owner of a private right of way over land is entitled to have damages assessed as an owner of the land, and cannot maintain a common law action therefor when a statutory remedy has been provided.

Argued Nov. 4, 1892. Appeals, Nos. 208 and 209, Oct. T., 1892, by plaintiffs, Joseph A. Phillips and Sallie O. Phillips, respectively, from judgments of C. P. No. 2, Allegheny Co., on verdicts for defendant non obstante veredicto. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for alleged obstruction of street.

At the trial, before EWING, P. J., it appeared that the defendant company in building its railroad cut off certain alleged streets, which plaintiffs claimed were necessary to give access to their lots. Plaintiffs were tenants in common of a tract of land which by partition among themselves they divided into lots, designating, on the plan which they adopted, certain streets. Neither the plan nor the partition deeds were of record when the railroad was built. The streets were not open for travel, nor were they indicated by any marks upon the ground, and they could only have been opened at a heavy expense for grading.

The court directed the jury to return a verdict for plaintiff, subject to the opinion of the court, whether the plaintiff had the right to maintain this form of action.

The jury returned the following special verdict :

" We find that the streets, or proposed streets, cut off and complained of in this action, at the time of the appropriation by the defendant company of the right of way, were not opened, nor was any plan of the same on record, nor were they public streets, but they were and are yet unopened streets, inaccessible without grading, laid out in a partition plan by the heirs of Sarah M. Phillips, of whom plaintiff is one, and that the plaintiff's right and interest in said street, as to these lots, is a right of way or easement appurtenant to the lots, as between himself and his former cotenants. If, under this state of facts, the court be of the opinion that the plaintiff is entitled to recover in this form of action, judgment to be entered in favor of the plaintiff on the verdict. If the court be of the opinion that the law on this point is with the defendant, judgment to be entered in favor of the defendant non obstante veredicto. "

The court subsequently entered judgment for defendant non obstante veredicto, in the following opinion by EWING, P. J.:

" These cases involved the same questions of law and the same questions of fact in all essential matters, and were properly tried together. The reserved question on the special verdict is the same in each case.

" The special verdicts, sustained by the undisputed testimony, show that the appropriation of its right of way by the defendant company cut off the private right of way which plaintiffs had by right of deeds of partition on land of their former cotenants in a plan of lots which they and others, tenants in common, had adopted for convenience of partition—and concerning which they had made deeds among themselves.

" At the time of the appropriation of the right of way by the defendant company, these deeds were not on record, no plan was on record ; no marks on the ground indicated any such streets ; no notice or approval thereof was given to or obtained from any public authority. No such streets were, in fact, in any way opened or traveled upon. Without a large expense in grading, by heavy cutting and filling, they are inaccessible to ordinary travel.

" They were as streets inchoate, and the right of plaintiffs therein at this day lies wholly in the grant contained in the partition deeds. No lot has been sold in the plan to a stranger.

" Under these facts, the streets complained of as being appropriated by the defendant company are mere private rights of way appurtenant to the lots of the plaintiffs.

" The act of assembly of June 16, 1836, P. L. 753, on which plaintiffs' counsel rely to constitute these rights of way public streets, to wit: 'All streets, lanes and alleys within the city of Pittsburgh, if not less than twenty feet in width, which have been laid out, appropriated and opened by private persons for public use, or for the use of the owners of lots fronting thereon, or which shall be, being not less than twenty feet in width, hereafter laid out, appropriated and opened as aforesaid, shall for every purpose be deemed, taken and be public highways, as fully as the other public streets within the said city,' does not apply to the facts in these cases. The streets must have been actually opened for travel, and they must, as so opened, be fairly practicable for travel. The parties to the partition could, even now, by a joint agreement, annul the entire plan and all its streets, and adopt a new one.

" These, then, being but private rights of way appropriated by the defendant company under the rights given to it by the statute, will a common law action lie for damages?

" This question seems to be conclusively settled, if it required a precedent, in the case of Philadelphia, Wilmington & Baltimore R. R. Co. v. Williams, 54 Pa. 103, where it is decided that the owner of a private right of way over land is entitled to have damages assessed as an owner of the land, and cannot maintain a common law action therefor when a statutory remedy has been provided. The taking of the land necessarily takes the right of way.

" The defendant company, under the laws of the commonwealth and its charter, had power to appropriate the land for its road, and with it, and part of the land, the easement of the plaintiffs therein. For this taking, the acts of assembly provide a remedy, by the appointment of viewers on the petition of either party. This statutory remedy must be followed.

" It follows that the plaintiffs cannot maintain their common law actions."

Judgment for defendant n. o. v. Plaintiff appealed.

*Errors assigned* were, inter alia, (5) in directing the jury to find the special verdict, in form as above, quoting it; and (6) in entering judgment for defendant.

*Johns McCleave, A. P. Burgwin* with him, for appellant, cited Pearl Street, 111 Pa. 565; Reed v. City of Toledo, 18 Ohio, 161; Com. v. Moorehead, 118 Pa. 353; Pa. R. R. Co.'s Ap., 115 Pa. 514; Donohugh v. Roberts, 11 W. N. 186; Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627; Whitney's Ap., 138 Pa. 427.

*Willis F. McCook, J. McF. Carpenter* with him, for appellee, cited P. R. R. v. Marchant, 119 Pa. 541; Cornelius v. Hambay, 150 Pa. 359.

PER CURIAM, January 3, 1893:

A discussion of the questions raised upon this voluminous record is unnecessary. We affirm the judgment for the reasons given by the learned president of the court below on the question reserved.

Judgment affirmed.