John Markle et al. v. Phila., Appellant.

*Road law—Widening and changing grade of street—Damages—Prospective condition—Opening of another street—Evidence.*

In a proceeding to widen and change the grade of a street, the viewers may take into consideration the condition of the property immediately before the work of widening and changing the grade was commenced, and the condition of it immediately after the work was completed; but the condition referred to must be an actual condition discoverable by observation of the property, and not merely a prospective or possible one depending for a physical existence upon the future action of the municipality.

A street laid out, but not opened, cannot be taken into consideration in assessing the damages caused by the opening or change of grade of another street upon the same property. Nor can the proceedings for the assessment of damages caused by the opening and grading of one street be admitted in proceedings for the assessment of damages caused by the widening and physical change of grade of another street.

Argued Jan. 19, 1894. Appeal, No. 8, Jan. T., 1894, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1891, No. 1262, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Appeal from report of road jury assessing damages for widening and changing grade of Roxborough avenue. Before PENNYPACKER, J.

When John Markle, one of the plaintiffs, was on the stand, he was asked : " Q. Assuming that we shall find in this case that your property became subject to the construction of Manayunk avenue to its present height before Roxborough avenue was graded, was it not to your advantage to have Roxborough avenue graded as it is now rather than remain down on a level with the ground on both sides ? " Objected to, objection sustained and bill sealed. [1]

The court excluded, under exception, defendant's offer to

prove the passage of an ordinance dated Nov. 14, 1883, directing the opening of Manayunk avenue from Lyceum avenue to Shurs Lane. [7]

The court excluded, under exception, defendant's offer to prove that, in March, 1884, the present plaintiff filed a petition for damages for the opening of Manayunk avenue and Pechin street. [8]

Plaintiff, on redirect examination of his witness, Geo. W. Hancock, asked:

"Q. Mr. Miller has examined you upon the hypothesis that city improvements could not be put in at the grade of the old ground, or at a much less grade than the present, is that a correct or a false hypothesis? A. It is possible to put them in the way the ground was before. Q. That is, you mean sewers and water-pipe?" Objected to; objection overruled, exception noted for defendant. [4]

The witness answered: "It was possible so far as sewer and water-pipe was concerned."

Plaintiff asked his witness H. Reeves Lukens: "Q. A sewer could have been put in in Roxborough avenue and water-pipe draining down into Manayunk?" Objected to, objection overruled, and exception. [3]

The witness answered in the affirmative.

The court charged in part as follows:

"It appears that the plaintiff in this case in 1888 was the owner of a tract of ground containing some twelve acres, and which extended along Roxborough avenue for some eight hundred and twenty-five feet from a point some seventy-two feet from Belair street, crossing Manayunk avenue and running to a point on the other side of Pechin street. In that year, 1888, the city for its own purposes changed the grade of Roxborough avenue. It is contended, on the part of the plaintiff, that that was an injury to the value of his land. It is contended that it was an injury, as I understand it, for two reasons. In the first place some thirteen and one half feet were taken from his ground along Roxborough avenue, and in the second place for a distance of some three hundred feet on the upper side of Manayunk avenue there was an elevation of Roxborough avenue so that it stood above the plaintiff's land at one point eleven feet or

more, and the effect of it was that all along the three hundred feet it was raised above the plaintiff's land.   That is the main part of the contention of the plaintiff with respect to his injury. . . .

"On the other hand the defendant contends that before this change of grade was made on Roxborough avenue there was a descent of some twenty-three and one half feet in two hundred and seventy feet from Pechin street, making a very steep descent, and at the junction of Roxborough avenue and Manayunk avenue there was what is called a basin, Roxborough avenue rising from that point on toward Belair street and toward Terrace street, and as after the change of grade there is a gradual descent from Pechin street along the front of the plaintiff's property of not more than two and one half feet in one hundred, that the plaintiff has been benefited by that change in the grade.

"The city also contends, as I understand counsel for the city, that if there has been an injury to the plaintiff's land much of the injury is due not to the change of grade on Roxborough avenue but to the opening of Manayunk avenue and Pechin street.   Upon this latter question you will remember that what you have to consider is the effect upon the whole of the plaintiff's land of the change of Roxborough avenue alone. · If there has been any injury which is the result of the opening of other streets, Manayunk avenue and Pechin street, you must dismiss that from your consideration entirely.   Although these streets may have been opened at or about the same time, the question is exactly as if those streets had been open at some other time, in the past, or as if they remained to be opened in the future. If such streets have been opened the plaintiff either has recovered his damages or will have an opportunity to recover damages for the injury resulting from the opening of those streets."

Defendant's points were among others as follows:

"2. In cities a property owner has no right to the maintenance of drainage flow, whether ancient or not, from his own property over a public highway into or through other private property.   Any reduction of value of the plaintiff's property occasioned by the obstruction of the water course passing over Roxborough avenue to the property of Mr. Campbell cannot be considered by the jury in arriving at the verdict.   The use

of such a water course to drain Roxborough avenue at Mr. Markle's property cannot be considered in this case *Answer:* I decline that point, because there is no evidence in the case to which it is applicable, and because any claim which rested upon evidence with respect to the stream has been withdrawn." [6]

"3. Prior to the filling in of Roxborough avenue, the public authorities had ordered the opening of Manayunk avenue and Pechin street at their present level, and claims of Mr. Markle had been acted upon by road juries in the respective cases. No damage can be awarded plaintiff in the present suit for any injury occasioned by the new levels of Manayunk avenue or Pechin street, which the city had previously acquired the right to fill up without other liability to Mr. Markle than that incurred in those cases." Refused. [2]

"4. City authorities are under no obligation to lay highway improvements in a street before it is made to conform to the grade established upon the confirmed plan. In estimating the value of Mr. Markle's property prior to the filling in of Roxborough avenue, the jury must consider that street as not entitled to receive of the city authorities cartway paving, waterpipe or sewer, until the grading for which plaintiff claims should be done. *Answer:* I decline that point as more or less misleading." [5]

Verdict and judgment for plaintiff for $5,000.

*Errors assigned* were (1, 3, 4, 7, 8) rulings; (2, 5, 6) instructions, quoting instructions and bills of exceptions, but not quoting evidence. Assignments 6 and 7 were filed on argument.

*E. Spencer Miller,* assistant city solicitor, *Chas. F. Warwick,* city solicitor, with him, for appellant, cited: Pusey v. Allegheny, 98 Pa. 522; Bentz v. Armstrong, 8 W. & S. 40; Broomall v. Chester, 1 W. N. 228.

*Isaac D. Yocum,* for appellees, cited: Ice Co. v. Phila., 156 Pa. 54; City v. Block, 99 Pa. 152; Lawrence v. City, 154 Pa. 20; Negley Ave., 146 Pa. 456.

348 MARKLE et al. v. PHILA., Appellant.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 1, 1894:

Under the pleadings and the agreement of the parties the jury were charged with the duty of ascertaining from the evidence submitted to them, the depreciation, if any, in the market value of the plaintiff's property caused by the widening and change of grade of Roxborough avenue. In the performance of this duty it was proper for them to take into consideration the condition of the property immediately before the work of widening and changing the grade of the street was commenced and the condition of it immediately after the work was completed. It was competent for the parties to present evidence descriptive of its condition at either time, and evidence explanatory of the effect upon it of the work done. But the condition referred to must be an actual condition discoverable by observation of the property, not a prospective or possible one depending for a physical existence upon the future action of the municipality. Hence a street laid out but not opened cannot be taken into consideration in assessing the damages caused by the opening or change of grade of another street upon the same property. Negley Avenue, 146 Pa. 456. If Manayunk avenue was opened and graded before Roxborough avenue was widened and the grade of it physically changed, the plaintiff could not, in a proceeding for the assessment of the damages sustained by the opening and grading of the former, have acquired or lost anything by the contemplated or prospective change of the grade of the latter. It logically follows that proceedings for the assessment of damages caused by the opening and grading of Manayunk avenue are not admissible to affect a claim for damages caused by the widening and physical change of grade of Roxborough avenue. It is proper to state in this connection that there was no offer to prove on the trial of the present case that the damages claimed in it were recovered, or the plaintiff's right to them adjudicated, in any former proceeding.

It is not necessary at this time to discuss the rights of the plaintiff or the duties of the city in respect to paving, sewerage, etc. These are matters which are not pertinent to the issue in the case, and the learned judge properly declined to instruct the jury in relation to them as requested in the city's fourth point. If such improvements are hereafter made it is probable the plaintiff's property will be assessed with its proportion of the benefits arising from them.

There was no error in the refusal to affirm the city's third point.   It assumed the existence of facts which were not proven and that alone is a sufficient justification of the denial of it.

There was no evidence in the case to which the second point was applicable, and for that reason the refusal to affirm it was proper.

We need not specifically refer to the remaining specifications, We have examined and considered all of them, including those filed on the 20th of January in pursuance of the permission granted on the argument at bar.   Our conclusion is that there is nothing in the rulings or instructions complained of which calls for a reversal of the judgment.

The specifications are overruled and the judgment is affirmed.