Sallie O. Phillips *v.* St. Clair Incline Plane Co., Appellant.

Geo. C. Bergwin et al. *v.* Same, Appellant.

*Inclined planes—Railroads—Condemnation proceedings—Damages— Lots—Tenants in common—Evidence.*

Where tenants in common make a plan of their land showing lots, streets and alleys and agree to a partition among themselves, but before the deeds are executed and the plan is recorded, an incline plane company enters upon the land to construct its works, the owners may claim in their petition damages not only for the land actually taken, but also for the appropriation of ways or easements appurtenant to the land; but the streets laid down on the plan, not opened or accepted by the public, cannot be treated as actual streets.

In such a case the owners may offer the plan as evidence of the capacity of the land for improvement in a certain way; and the company may give evidence of an equally advantageous use in a different way with which the incline would not interfere, or which it might aid. Such evidence on both sides is admissible because of its bearing on the damages

to the plaintiffs as owners of the land taken, or of rights of way over such land, and not as owners of remote lots.

Argued Nov. 7, 1894.    Appeals, Nos. 263, 264, 265, 266, Oct. T., 1894, by defendant, from judgments of C. P. No. 1, Allegheny Co., March T., 1891, Nos. 581, 582, 583, 584, on verdicts for plaintiffs.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Appeals from reports of viewers.    Before SLAGLE, J.

At the trial it appeared that plaintiffs are the heirs and devisees of Sarah M. Phillips who died seized of the land in question.    On Jan. 1, 1886, a plan of the land was made for partition, showing lots, streets and alleys.    At the same time an agreement was entered into to divide the land among the several owners, each to take certain designated lots.    Deeds were executed in April, 1886, but neither the deeds nor the plan were put on record until July 30, 1886.    In the meantime, on June 4, 1886, defendant entered upon the land and began to construct its works.    No bond was required by the owners and no objection was made to the entry.    The question of damages was postponed for future settlement.    On Jan. 17, 1891, the owners began separate, statutory proceedings for the appointment of viewers.    The owners also brought four actions of trespass for the damages caused by the alleged taking and obstruction of streets.    Two of the actions of trespass were tried and judgment thereon entered for defendant non obstante veredicto.    The judgment was sustained by the Supreme Court on the ground that the streets which were cut off were not public streets ; that the parties had a right of property on them which would attach to the properties abutting on the road and give them the right to compensation by statutory process, and not by a common law action : Phillips v. St. Clair Incline Plane Co., 153 Pa. 230.

After the decision of the Supreme Court, plaintiffs, by permission of court, were permitted to amend their petitions so as to include damage arising from the appropriation of rights of way or easements appurtenant to the lots.

Defendant petitioned for a consolidation of the suits.    The court entered a rule on defendant to plead, and defendant pleaded under protest. [1]

Plaintiff, under objection and exception, was allowed to give the market value of the land in lots in 1886. [3]

Defendant's offer to prove the effect of the incline on lots about a quarter of a mile from plaintiff's property at the end of the incline was rejected and exception noted. [2]

Defendant also offered to prove that if the alleged streets or alleys should ever be adopted by the city or put to use for public or private purposes, the company could readily adjust its roadbed to give a crossing at grade to suit them, and afford every convenience for the passage of pedestrians and vehicles for ingress and egress to and from the streets contemplated. Disallowed and exception noted. [25]

Defendant also offered to show that by adjustment of a midway station to the receipt and discharge of vehicles on and off the cars, the same benefit would be conferred on plaintiff's property for the transference of heavy freight as is conferred on surrounding property at the upper terminus of the plane. Refused and exception noted. [9, 10]

Verdicts and judgments for plaintiffs.    Defendant appealed.

*Errors assigned* were, among others, (1) requiring defendant to plead; (2, 3, 9, 10, 25) rulings on evidence; quoting bills of exception.

*J. McF. Carpenter* and *T. Mellon*, for appellant, cited: Hartman v. Incline Plane Co., 159 Pa. 442; Phillips v. Incline Plane Co., 153 Pa. 230.

*A. P. Burgwin, Johns McCleave* with him, for appellee.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895:

The complicated facts and proceedings in the cases included in this contest, unfortunately led to the trial on an erroneous view.    There were but two ways in which the claim of the owners of the land taken by the incline plane company could be considered in estimating the damages.    First, the land might be treated as in fact what it appeared to be when the appellant located its road, a single, undivided and unimproved tract of seventeen acres, and the damages for taking part of it assessed with reference to the whole.    The joint owners, by virtue of the uncompleted partition and the continuing joint interest in the proposed streets in the plan, might have maintained a joint

proceeding for the assessment of damages, and it would probably have presented the simplest and most convenient method of reaching a just and legal result.

The owners, however, having in fact agreed upon the partition according to the plan, though nothing was yet of record in regard to it, were not bound to unite, but might proceed separately. But if they did so the right of each was as owner of a number of separate and disconnected pieces of land. There were no streets, nor in the ordinary meaning of the word were there any lots. All these were inchoate, existing only in intention, and subject to change or destruction at any time at the volition of the parties: Phillips v. Incline Plane Co., 153 Pa. 230. No damages therefore could be claimed directly on account of any of the land which was not on the line of the appellant's road and of which no part was taken. Any indirect damage that might accrue to such lots was recoverable if at all only for interference with rights of way possessed by the owner of them, over the land actually taken. Whether such damages could be recovered at all, under the rule laid down in Penna. Co. v. Penn. Schuylkill Valley R. R. Co., 151 Pa. 334, we do not decide at present, as it is not directly raised in the case, and apparently was not before the learned court below.

We cannot say therefore that the amendment allowed to the appellees was erroneous as matter of law, but it is plain that the evidence under it must be very carefully guarded. The case appears to have been tried on the view that the streets laid down on the plan were to be treated as actual streets, and the separate pieces of land in each case, as lots fronting on streets. This was erroneous. There were no streets except potentially, as parts of a contemplated use of the land, interference with which was not the subject of damage per se. The plan was evidence of the capacity of the land for improvement in a certain way: Wilson v. Gas. Co., 152 Pa. 566. And on the other hand it was competent for appellant to give evidence of equally advantageous use in a different way with which the incline would not interfere, or which it might aid. Such evidence on both sides was admissible because of its bearing on the damages to the plaintiff as owner of land taken, or of rights of way over such land, and not as owner of remote lots. It should be strictly confined to that aspect.

Judgment reversed and venire de novo awarded.