# J. Newton Walker v. The South Chester Railroad Co., Appellant.

*Railroads—Eminent domain—Damages—Evidence.*

In estimating damages for land taken by a railroad company the condition of the property before or after the completion of the road which fixes its value is its actual condition, and not a prospective or possible condition depending upon future individual or municipal action.

Where land within the limits of a borough was taken by a railroad, a plan of streets of a borough, prepared after the location of the road, and not approved until after the railroad was built, is not admissible in evidence on the question of plaintiff's damages.

In such case it is competent for the plaintiff to show that his land could be improved, that the time for another and a more advantageous use had arrived, and that the natural development of the borough had brought the land into the market for building purposes; but the introduction at the trial of a street plan adopted after the completion of the road made the future action of the borough authorities an element of value at the time of the taking.

The fact that streets existed, and that their natural extension would reach the plaintiff's land, were facts open to observation and proper for the consideration of the jury; but the future action of the borough authorities in the extension of existing streets, or in the opening of new ones, was a matter of mere conjecture, and incompetent as evidence on the question of damages.

Argued Feb. 14, 1896.    Appeal, No. 132, Jan. T., 1896, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1893, No. 68, on verdict for plaintiff.    Before WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Appeal from the award of viewers.

At the trial it appeared that J. Newton Walker, the plaintiff, was the owner of a tract of farm land in the borough of Marcus Hook, Delaware county, Pa., containing about seventy-four acres. The South Chester Railroad Company was located across this farm some time during the year 1892, and the land taken by the railroad company was condemned on November 1, 1892. The said railroad was constructed between November 1, 1892, and January 1, 1893. At the time of the location and construction of the railroad there were no streets plotted or laid out across the land. Some time in January, 1893, after the construction of the road, the borough of Marcus Hook caused a survey to be made by Walter Wood, a surveyor, and the said Wood made a plan of said borough, showing streets through the farm of J. Newton Walker, as shown on the plan. The plan was offered in evidence by the plaintiff, and admitted under objection and exception. (7, 8)

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Errors assigned* among others were (7, 8) admission in evidence of borough plan.

*J. B. Hannum*, for appellant.—The plan was inadmissible. Appeal of Verona Borough, 108 Pa. 83; Opening of Taylor Ave., 146 Pa. 638; Searle v. R. R., 33 Pa. 57; Penna. Schuylkill Valley R. R. v. Cleary, 125 Pa. 442; Schuylkill Val. R. R. v. Stocker, 128 Pa. 233; Myers v. Schuylkill River E. S. R. R., 5 Pa. C. C. 634; Negley Ave., 146 Pa. 456; Wilson v. Equitable Gas Co., 152 Pa. 566; Grugan v. Phila., 158 Pa. 337; Markle v. Phila., 163 Pa. 344; Phillips v. St. Clair Incline Plane Co., 166 Pa. 21; Spring City Gas Light Co. v. Schuylkill Val. R. R., 167 Pa. 6.

*V. Gilpin Robinson*, *Charles A. Chase* with him, for appellee.—The plan was competent evidence: Wilson v. Equitable Gas Co., 152 Pa. 566; Phillips v. Incline Plane Co., 166 Pa. 21.

OPINION BY MR. JUSTICE FELL, March 9, 1896:

The defendant's road is located across a tract of land containing seventy-four acres owned by the plaintiff and situated

within the borough of Marcus Hook. All of the land except-
ing a small portion occupied by a clubhouse was used for farming
purposes. Condemnation proceedings were begun Novem-
ber 1, 1892, and the construction of the road was finished
the same year. During the latter part of 1892, and after the
location of the road, a street plan of the borough was prepared.
It was not completed until after the road was finished, and it
was not approved, if ever approved, by the borough authorities
until 1893. This plan was offered by the plaintiff at the trial,
and its admission in evidence is the subject of the seventh and
eighth assignments of error.

The legal measure of the plaintiff's loss was the difference in
value of the whole property before and after the construction
of the road. November first, was the date of the taking of the
land, and all inquiry as to its value before the injury was caused
related back to that date, and was to be determined by the then
existing conditions. It was competent for the plaintiff to show
that his land could be improved, that the time for another and
a more advantageous use had arrived, and that the natural
development of the borough had brought it into the market for
building purposes; but the introduction at the trial of a street
plan adopted after the completion of · the road made the future
action of the borough authorities an element of value at the time
of the taking. The condition of the property before or after the
completion of the road which fixes its value is its actual condition,
and not a prospective or possible condition depending upon
future individual or municipal action : Markle v. Philadelphia,
163 Pa. 344; Gas Light Co. v. P. S. V. R. Co., 167 Pa. 6. The
facts that streets existed and that their natural extension would
reach the plaintiff's land were facts open to observation and
proper for the consideration of the jury; but the future action of
the borough authorities in the extension of existing streets or in
the opening of new ones was a matter of mere conjecture. Yet
by the introduction of the plan their future action was given a
retroactive effect as evidence of value. The case differs widely
from Phillips v. St. Clair Incline Plane Co. and Bergwin v.
same, 166 Pa. 21. In these cases the owners of the land
offered in evidence a recorded plan upon which they had agreed
for the mutual improvement of their properties, and it was held
that the defendant might give evidence of an equally advan

tageous use in a different way with which the incline would not interfere.   The offer was to show the conditions existing at the time of the injury, and not something which at that time was incapable of proof and not susceptible of ascertainment.

The case was carefully tried by the learned judge, and the charge fully and clearly presented the issues raised, but the admission of the plan was in conflict with the established rule and requires a reversal.

The seventh and eighth assignments of error are sustained, and the judgment is reversed with a venire facias de novo.