Brewer et al. *v.* Blue Mountain Consolidated Water Co., Appellant.

554

Submitted March 11, 1937.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ.

*Shull & Shull* and *James T. Kitson,* for appellant.

*Leo A. Achterman, Russell L. Mervine* and *William H. Schneller,* for appellees.

OPINION BY PARKER, J., April 16, 1937:

On appeal from an award by a board of viewers a jury found a verdict for $1,700, of which $200 was for delay in payment, for the plaintiff land owners against the defendant water company on account of the taking of a right of way for a water line. The defendant has appealed from the judgment entered and complains of alleged trial errors in the admission of testimony and in the judge's charge. The real complaint is as to the size of the verdict. An examination of all the evidence convinces us that if the verdict did not accurately reflect the damages suffered by the plaintiffs, this was due

to the quality of the testimony given rather than to any trial errors. If better evidence could have been produced, the defendant must bear a share of the responsibility for the consequences.

The defendant elected to take a right of way sixteen feet in width extending diagonally across plaintiffs' farm a distance of 2,100 feet, on which it laid a twelve-inch water line and buried it four feet under ground. It was stipulated that the time of taking should be fixed as of July 13, 1925.

The first assignment of error is to the admission of testimony of one of the plaintiff's and the ruling of the court which is shown by the following excerpt: "Q. What else did you have in mind it was adaptable for? A. Also, for bungalows, fisheries, its water is excellent for trout through there. Q. That is, to have a fishery built there? A. Yes. Mr. Shull: Objected to, it is incompetent, irrelevant and immaterial, and purely speculative. The Court: What does this court or jury know of fisheries? It is too general a term. Mr. Shull: We object to it as being purely speculative. The Court: We will let that in for the present."

The question was a preliminary one. Counsel, after qualifying the witness as to his competency to testify, was seeking to give the jury a description of the property before offering testimony bearing on the amount of the damages. To do so was not only proper but was eminently fitting as an aid to the jury in weighing the testimony of those pretending to fix values before and after the taking. "In estimating the value of the lot before the taking, its possible and probable uses are important elements, and may be shown by the opinions of experts": *Harris v. Schuylkill, etc., R. Co.*, 141 Pa. 242, 252, 21 A. 590; *Wilson v. Equitable Gas Co.*, 152 Pa. 566, 569, 25 A. 635. "In estimating the market

value of the land, everything which gives it intrinsic value is to be taken into consideration. And it is not to be limited to a particular use": *Allegheny v. Black's Heirs*, 99 Pa. 152, 154. Also, see *Cummings v. Williamsport*, 84 Pa. 472; *Penna. Schuylkill V. R. Co. v. Cleary*, 125 Pa. 442, 17 A. 468.

In connection with this testimony it was shown that there were large springs upon the property, that the location was peculiarly adapted to use for building summer bungalows with accompanying pools, ponds, and the raising of trout. What was said in *Brown v. Forest Water Co.*, 213 Pa. 440, 441, 62 A. 1078, is pertinent: "The defendant cannot properly complain of the admission of evidence that the property taken by it was adapted to reservoir purposes, from the natural formation of the land, the amount of water flowing over it, and its proximity to certain towns. All these matters were elements entering into the market value of the property."

It is true that the land owner may not show details of possible values or possible theoretical, speculative or fanciful uses to which the property might be put: *Dorlan v. East Brandywine R. Co.*, 46 Pa. 520; *Markle v. Phila.*, 163 Pa. 344, 30 A. 149; *Walker v. R. R.*, 174 Pa. 288, 34 A. 560. Likewise, "an estimate of what property will be worth at a future day, or in an altered condition, is entirely without guide or measure, and must be wholly fanciful": *Phila. Ball Club v. Phila.*, 192 Pa. 632, 652, 44 A. 265; *Spring City Gas Co. v. Penna. Schuylkill V. R. Co.*, 167 Pa. 6, 31 A. 368. The evidence admitted was but descriptive of the uses for which it was claimed the property was presently available. When read with other evidence it appears that the suggested use was not visionary or speculative but a use for which there was then some demand. There

was no attempt to show possible speculative or visionary values dependent on future conditions. The evidence was therefore properly received and this assignment of error must be overruled.

Defendant complains of the allowance of $200 for delay in receiving compensation for the land taken. The trial judge very properly directed the jury to find the amount of damages as of the agreed date and then separately fix such sum, if any, as they should allow by way of compensation for delay in payment. The defendant argues that the delay was chargeable to plaintiffs alone since the plaintiffs, in their statement, claimed $25,000 as damages, which sum measured by the verdict was excessive and unreasonable, and therefore that no allowance should have been made for delay in payment. The facts will not support the premises of this argument. The taking was fixed as of July 13, 1925, but the petition for appointment of viewers was not presented by the defendant until January 5, 1931. The report of viewers was filed on February 8, 1932. After appeal the issue was called for trial and a jury was sworn on September 26, 1933. There was a mistrial and it was necessary to continue the case which was again tried on May 14, 1935. The delay in the jury trials was in part due to the necessity of calling a special judge to try the case. There is no evidence as to what demands were made by the plaintiffs prior to the filing of the statement of claim on December 21, 1932, more than seven years after the taking. The record does not show an offer of settlement by the defendant at any figure, nor do we find any indication therein that reasonably lower demands would have been met with payment.

The defendant receives no aid in its argument from the cases dealing with the subject. It is true that it

has frequently been held in tort cases that where the plaintiff's demand is grossly excessive compensation will not be allowed for delay in payment: *Stevenson v. Ebervale Coal Co.*, 203 Pa. 316, 332, 52 A. 201; *Pierce v. Lehigh Valley Coal Co. (No. 2)*, 232 Pa. 170, 81 A. 142; *Trustees of Kingston v. Lehigh V. C. Co.*, 241 Pa. 481, 485, 88 A. 768. The mere fact that the verdict was so much less than the amount set up in the declaration was not sufficient to warrant the court in holding as a matter of law that no allowance should be made on that account: *Hoffman v. Phila.*, 250 Pa. 1, 95 A. 322. In that case it was said (p. 6) : "Even in that class of cases [tort], the question is for the jury under proper instructions by the court; and the instructions must necessarily be based upon facts sufficient to warrant a finding that the claim was so excessive and unconscionable as to justify defendant in resisting payment of the exorbitant demand. Again, our cases make a clear distinction in the application of the rule between an action founded in tort and a claim for damages for land taken under the power of eminent domain. When the land is taken, the owner is deprived of the use of his property, and should be compensated at once for the injury done; if payment be delayed he has the prima facie right to claim damages as compensation for delay. This distinction was pointed out by Brother MOSCHZISKER in *Rea v. Pittsburgh & Connellsville R. R. Co.*, 229 Pa. 106, in which it was said, (p. 114) : 'The record shows no offer of settlement at any figure, nor do we find any indication therein that reasonably lower demands would have met with payment.' In the case at bar, as in that case, the question was for the jury, but the instruction complained of here relieved the defendant from the burden of law cast upon it and failed to give plaintiff the benefit of his prima facie right to compensation for delay."

The amount allowed here for delay was moderate in view of the fact that plaintiffs were deprived of the use of their land and defendant had the benefit of it for more than ten years before the compensation was fixed. The limit allowed for delay is fixed by the legal rate of interest and the sum allowed was less than one-fifth of that amount. We find no merit in this contention.

The fifth, sixth, and seventh assignments of error complain of the refusal of the trial court to strike out the testimony of Howard Hufsmith, one of plaintiffs' witnesses who was called to show the value of plaintiffs' property before and after the taking. Appellant contends that the witness did not disclose the requisite knowledge to express an opinion on values. The principal objection to his competency was to the inability of the witness to support his opinion by sufficient knowledge of other sales in the vicinity. It appeared that there were very few sales of property comparable to that of the plaintiffs. The cross-examination of the witness left much to be desired in the way of knowledge but we cannot say that his testimony had no value. The cross-examination affected rather the weight of his testimony than his competency to give an opinion. Ordinarily, the competency of a witness called to express an opinion as to values is for the trial court and that court's conclusion will not be reversed except for a clear abuse of discretion. It is apparent that the jury understood their duty for they severely discounted the witness' estimates of values. What we have said covers the objections to the competency of other witnesses.

The only other assignments of error which were pressed upon argument complain of a portion of the charge of the judge which was as follows: "The basis of that opinion, was the fair market value of this prop-

erty, immediately before the entrance thereon, or the taking by the defendant of the land for the purpose we have suggested, in the nature of an easement, and its fair market value immediately after such taking, and this is the rule that is applied in condemnation cases." The complaint is that the court did not add to the sentence the words, "as affected by the taking." A charge is not to be judged by isolated sentences divorced of the context. One cannot read the charge without coming to the conclusion that it was made clear to the jury that they were only dealing with the difference in value insofar as it was affected by the taking. Numerous expressions in the charge which it is unnecessary to detail clearly show this to be the case. The jury could not have misunderstood the purport of the charge which indicated that the difference in values with which they were concerned was only such difference as was affected by the taking.

While the verdict may appear to be slightly higher than it should have been, we cannot say that the court below abused its discretion in refusing a new trial. If the testimony of defendant's own witnesses had been more satisfactory as to values there would be more force in appellant's argument. It is apparent that there were few sales of property similarly situated in that general vicinity but for that reason the plaintiffs are not to be deprived of just compensation. We do not believe any good purpose would be served by a retrial.

Judgment affirmed.