### Czerwinski *v.* National-Ben Franklin Fire Insurance Co. of Pittsburgh et al., Appellants.

Argued October 24, 1939.

Before CUNNINGHAM, STADTFELD, PARKER and RHODES, JJ.

*Charles C. Lark,* for appellants.

*Louis Cohen,* for appellee.

OPINION BY STADTFELD, J., December 14, 1939:

This is an action of assumpsit brought by plaintiff against defendants on a fire insurance policy to recover for a loss alleged to have been sustained by plaintiff by reason of a fire which happened on September 20, 1936. On September 18, 1935, the defendant insurance companies issued their policy to the plaintiff, insuring him for a term of three years against loss or damage by fire, to an amount not exceeding two thousand dollars, to his household furniture; including carpets, rugs, oil cloth, beds, bedding, linen, wearing apparel, and such other articles as are of common household, family or personal use, wear, adornment, or amusement, the property of the insured or any member of the family; all while contained in the 2½ story composition roof frame building and additions thereto adjoining, and communicating, occupied as a private dwelling at 449 West Fourth Street, Mt. Carmel, Pennsylvania. The articles insured are fully described in said policy.

The plaintiff filed his statement of claim alleging that on September 20, 1936, certain articles of household furniture and personal property insured were totally destroyed by fire at plaintiff's residence at 449 West Fourth Street, Mt. Carmel, Pennsylvania, claiming the full amount, two thousand dollars. The defendants filed an affidavit of defense, denying liability under the policy and alleging that the plaintiff himself had caused the fire for the purpose of fraudulently collecting the insurance, and also alleging that the loss was very much smaller than that claimed by the plaintiff.

The case was twice tried before CUMMINGS, J., and a jury. After the first trial, which resulted in a verdict for plaintiff for two thousand dollars, the defendants filed a motion for a new trial which, after argument

before the court in banc, was granted. The second trial resulted in a verdict of twelve hundred fifty dollars for plaintiff. The defendants made another motion for a new trial which the court, in an opinion, refused. On the second trial, certain testimony, offered by the defendants, was excluded by the court and certain other testimony, offered by the plaintiff and objected to by the defendants, was admitted. The action of the court in this regard, together with certain portions of the charge is complained of by the defendants. After defendants' motion for a new trial was overruled by the court in banc in an opinion by the trial judge, judgment was entered on the verdict. This appeal followed.

The first and third assignments of error complain of the admission of the testimony of plaintiff's witnesses, Louis Hartzell and A. B. Croll. Hartzell was the manager of the Penny Store at Mt. Carmel, and Croll conducted a new and second-hand furniture store there. They based their testimony entirely upon the testimony of the plaintiff, all of which they had heard. The plaintiff himself testified to the articles alleged to have been destroyed by the fire and the prices alleged to have been paid for them, the time when they were said to have been purchased, and the use made of the several articles and their alleged condition immediately before the fire. The said witnesses were merchants who had been in business for a number of years as managers of stores, clerks and otherwise; and handled the particular goods about which they were to testify; and after having heard the testimony of the plaintiff, with the relation to the original cost, the time of purchase, the use to which they were put, the condition immediately before the fire and their condition immediately after the fire, were permitted to testify and give their opinions as to the values of the goods both before and after the fire.

In Wigmore on Evidence, Sec. 716, Note 2, it is said: "An owner is doubtless qualified to state the cost price of articles of personal property, and from that, with

information as to age and wear, the jury may estimate value."

Henry on Trial Evidence, Sec. 346, says: "One having special knowledge of the value of goods, machinery or other personal property, may be permitted to testify thereto though he may not be technically an expert. His familiarity with the particular articles, or with the trade or business in which they were manufactured, sold or used, enables him to estimate the value in a way which others could not. It is immaterial that he never saw the particular goods in question."

The court below relied upon the case of *Mish v. Wood*, 34 Pa. 451, which fully justified the admission of the evidence.

The second assignment of error relates to the rejection by the court of any testimony of one Leo Gribbin, a witness called on behalf of defendants. In his preliminary examination, he testified that he had been an adjuster for eight years; that he first saw the articles which were not totally destroyed two or three days after the fire; he was not familiar with their condition before the fire; he had not heard the testimony of the plaintiff during the trial; his entire knowledge of values of household goods and furnishings was that gained by him as an adjuster; there was no evidence that he ever had any experience as a manager of a store or a clerk of a store; or had ever handled, bought or sold the particular kind or character of goods concerning which he was called upon to testify.

The competency of an expert witness on the condition and value of goods (rugs) must to a large degree, be committed to the discretion of the court: *Altman v. Lande*, 84 Pa. Superior Ct. 399; *Brewer v. Blue Mountain Consol. Water Co.*, 126 Pa. Superior Ct. 553, 191 A. 408. The appellate court will not reverse unless in a clear and strong case: *Sorg v. First German Evangelical Congregation*, 63 Pa. 156; *Ryder v. Jacobs*, 182 Pa. 624, 38 A. 471; *Updegrove v. Phila. & R. Ry. Co.*, 249 Pa.

69, 74, 94 A. 462; *Allegro v. Rural Val. Mut. Fire Ins. Co.,* 268 Pa. 333, 336, 112 A. 140.

The fourth and seventh assignments of error relate to certain portions of the charge of the court. Nothing but a general exception was taken to the charge, and no specific exceptions were taken to the parts complained of. Nevertheless, an examination of the charge discloses no error in these excerpts referred to.

The fifth and sixth assignments of error relate to the charge of the court concerning the testimony of the plaintiff and that of his expert witnesses, Croll and Hartzell. We have already discussed the testimony of the experts. Plaintiff was a competent witness as to the condition and value of the articles in question: *Denney v. Fenton Storage Co.,* 124 Pa. Superior Ct. 81, 188 A. 92.

The ninth assignment of error relates to the refusal of defendants' point in relation to the proof of loss, which point is as follows: "In the affidavit of defense, paragraph 6, it is averred, 'that the alleged statement of the property, goods and chattels of the plaintiff which are alleged to have been destroyed and damaged in the said fire is not such a statement as required by the policy in suit'. The alleged proof of loss served upon defendants was, during the trial of plaintiff's side of the case, tendered to the plaintiff for the purpose of offering the same in evidence. It was not offered in evidence by him. It is a condition precedent to recover in this case that said alleged proof of loss must be offered in evidence under the circumstances of this case. Your verdict must, therefore, be for the defendants."

Insofar as the evidence discloses, at no time prior to the bringing of the suit did the defendants complain of the proofs of loss served on them or of the insufficiency of same as provided by the policy. Proof of loss having been prepared by the plaintiff in accordance with the suggestion and requirements of defendants' agents and served upon the defendants, it was the duty of the de-

fendants if, for any reason the proof was unsatisfactory to them, to notify plaintiff promptly advising him wherein the proof did not comply with the conditions of the policy and give the assured an opportunity to rectify his mistake. Silence on the part of the defendants for a considerable length of time, after the receipt of such proof of loss, constituted a waiver of the necessity for any further proof, and such proof furnished by the assured constituted a compliance with the conditions of the policy. See *DiFoggi v. Commercial Union Assurance Co.*, 83 Pa. Superior Ct. 518; *Bush v. Hartford Fire Ins. Co.*, 222 Pa. 419, 71 A. 916.

There is no merit either to the contention of the appellants that the plaintiff failed to offer the proof of loss in evidence, for the reason that said proof of loss was in the hands of defendants' counsel who could, if he thought same material, offer the proof of loss on his side of the case.

After a careful examination of the entire record, we find no errors which would warrant a reversal of the judgment.

The assignments of error are overruled and judgment affirmed.