# Pierce, Appellant, v. Lehigh Valley Coal Company, (No. 2).

*Damages—Torts—Damages for detention of payment—Excessive demand.*

1. The right to compensation for delay in the payment of damages arising out of a tort depends upon the circumstances of the case. It is, therefore, usually a question for the jury under the evidence submitted. If the fault in nonpayment of the claim rests with the defendant he cannot complain if he is required to compensate for the delay. If on the other hand the fault lies with the plaintiff by reason of an excessive and unconscionable demand, one which the defendant is required to protect himself against by litigation, he should not be penalized for the unwarranted conduct of the plaintiff and required to pay damages for the delay in the settlement of the claim.

2. In a tort action to recover damages for injury to land the trial court is warranted in disallowing damages awarded by the jury for the detention of the payment of the plaintiff's claim where it appears from the evidence that the claim was for $50,000 while the verdict was for only $6,200, that the claim was strongly insisted upon in its entirety at the trial and that at no time did the plaintiff offer to reduce the claim or to accept any smaller sum than his original demand.

Argued April 11, 1911. Appeal, No. 375, Jan. T., 1910, by plaintiff, from judgment of C. P. Luzerne Co., March Term, 1904, No. 179, setting aside an item of damage in a verdict for plaintiff in case of Harry W. Pierce v. Lehigh Valley Coal Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for injuries to land. Before FERRIS, J.

The facts appear in Pierce v. Lehigh Valley Coal Company, Appellant, ante, p. 165.

*Error assigned* was in setting aside allowance of $2,920 awarded as compensation for delay.

*William S. McLean,* with him *John A. Opp,* for appellant.—Where the delay is caused by the plaintiff only, we

concede, he is not entitled to compensation for delay, but when the defendant also assists in causing the delay, the jury may give the plaintiff reasonable compensation for the delay: Mengall's Executors v. Water Co., 224 Pa. 120; Rea v. Pittsburg & Connellsville R. R. Co., 229 Pa. 106.

The damages to the plaintiff were not caused by negligence in the pursuit of a lawful business nor by accident nor inadvertence, and the law distinguishes between a case in which the injury is willful, wanton and purposely done and one caused by accident or inadvertence: Seely v. Alden, 61 Pa. 302; Little Schuylkill Nav. R. R. & Coal Co. v. Richards, 57 Pa. 142.

*J. B. Woodward,* with him *F. W. Wheaton* and *John T. Lenahan,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 23, 1911:

This was an action of trespass to recover damages for injuries which the plaintiff alleges he sustained by reason of the deposit of culm and other coal refuse upon his land from the defendant's colliery. The jury under the instruction of the court returned a special verdict in which they found for the plaintiff $6,200 damages and $2,920 as compensation for delay in payment of the sum awarded as damages. The learned court set aside the part of the verdict that allowed compensation for the delay in payment, and directed judgment to be entered for the amount of the damages. The plaintiff alleges error in the court's action in not allowing compensation for detention of the damages. This is the only question in the case.

The facts fully warranted the court in disallowing the damages awarded for the detention of the payment of the plaintiff's claim. As appears by the evidence and as stated by the court, the claim was for $50,000 and it was strongly insisted upon in its entirety at the trial. At no time did the plaintiff offer to reduce the claim or to accept any smaller sum than his original demand. The fact that the verdict in his favor was for only $6,200 shows that the

demand was excessive, extortionate and unreasonable and one which the defendant was fully warranted in contesting. The officers of the defendant company would manifestly not have been justified in paying the claim. Had they done so they would have failed to perform their duty and would have been responsible to the company. It is true that the defendant company declined to pay any sum whatever, and took the position that it was not liable for any damages, but in passing upon the question now under consideration it must not be overlooked that on the first trial of the cause the lower court sustained this view and a verdict for nominal damages only was rendered for the plaintiff. That judgment was reversed by the Superior Court, and the second trial resulted in the judgment from which this appeal was taken. At no time did the plaintiff offer or indicate a willingness to accept anything less than the original demand, and notwithstanding the defendant company's erroneous view of the law as to the plaintiff's right to recover compensatory damages, it was fully justified, as the present verdict shows, in resisting a recovery of the plaintiff's claim.

The right to compensation for delay in the payment of damages arising out of a tort depends upon the circumstances of the case. It is, therefore, usually a question for the jury under the evidence submitted. If the fault in nonpayment of the claim rests with the defendant he cannot complain if he is required to compensate for the delay. If on the other hand the fault lies with the plaintiff by reason of an excessive and unconscionable demand, one which the defendant is required to protect himself against by litigation, he should not be penalized for the unwarranted conduct of the plaintiff and required to pay damages for the delay in the settlement of the claim. The court should so instruct the jury, and if they disregard the evidence and wrongfully return a verdict awarding compensation for the delay, the court should set aside that part of the verdict where the amount can be ascertained, and if it cannot be ascertained the entire verdict should be

set aside and a new trial awarded. If it is clearly developed on the trial of the cause that the claim is extravagant and unreasonable and warranted the defendant in resisting payment, the court should direct the attention of the jury to the evidence with instructions that if it is credible the plaintiff would not be entitled to recover compensation for the delay. In such a case the only question for the jury would be the credibility of the witnesses, and if they persisted in returning a verdict against the manifest weight of the evidence it should be promptly set aside by the court. A verdict on this as on every question submitted to a jury should be sustained by the credible evidence, and when it is not, the clear duty of the court is to set it aside.

The judgment is affirmed.