# Little *v.* Greek, Appellant.

*Mines and mining—Mining lease—Description—Latent ambiguity—Disputed question of fact—Evidence—Competency of witnesses—Pleading—Notice—Bill of particulars—Measure of damages.*

1. While the construction of a written instrument is the exclusive province of the court, the description of land conveyed, its limits and contents, are frequently mixed questions of law and fact, and where from the generality of the terms used in a deed or from uncertainty of description, a doubt is raised as to the boundaries or location or limits of land sold, evidence aliunde may be resorted to for the purpose of aiding a jury to determine what land was intended to be included in the grant.

2. In an action to recover damages for coal mined and removed from a portion of a leased tract which had been reserved for the protection of farm buildings, the burden is on plaintiffs to show that the coal was removed from that portion of the tract excepted from the grant, and testimony of a surveyor and others called to establish the line answering the description of the deed is competent where the facts are in dispute, and what "garden fence" was in the minds of the parties as constituting one of the boundaries is the real question in controversy.

3. Where in such a case the plaintiffs' statement of claim was accompanied by a copy of the lease which contained a description of the coal reserved and in the bill of particulars filed by them under the rules of court the plaintiffs stated that they would confine the offer of evidence in their case in chief to establishing the facts averred in their statement of claim, this was notice that they would offer evidence to establish the location of the reserved coal; and evidence tending to show that the parties had come upon the ground and agreed upon the location of the disputed boundary line was relevant to this question.

4. Under the circumstances of such a case it is not error for the court to allow the plaintiffs to prove the value of the coal at the pit mouth, from which was deducted the cost of mining and transporting it to that point, the difference being the measure of the value of the coal in place, and to admit evidence of the royalty value of the coal in place.

5. A provision in a lease of a certain tract for the purpose of mining the underlying coal, "excepting the coal under that portion of the tract first described . . . . which coal is hereby reserved for the protection of the farm buildings" constitutes an exception and not a reservation.

Argued Oct. 12, 1911. Appeal, No. 97, Oct. T., 1911, by defendant, from judgment of C. P. Washington Co., Aug. T., 1910, No. 222, on verdict for plaintiff in case of James D. Little and Lloyd L. Little, for use of J. V. H. Cook & Sons, Samuel C. Cook and Rowley M. Cook, partners under the name and style of J. V. H. Cook & Sons, v. John M. Greek. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass for treble damages under the Act of May 8, 1876, P. L. 142, for mining on plaintiff's land. Before McILVAINE, P. J.

The opinion of the Supreme Court states the case.

*Errors assigned* were various rulings on evidence, etc., discussed in the opinion of the Supreme Court.

*H. L. Williams,* of *McIlvaine, Williams & McCreight,* with him *James I. Brownson,* of *Donnans, Brownson & Miller,* for appellant.—If there were acts done in pais whereby the construction and effect of a written lease were

to be effected, it was the duty of the plaintiffs under the rules to give notice of them in the bill of particulars, and the defendant had a right in preparing for trial, to rely upon the rules as requiring this. For the court to permit the testimony to be given in total disregard of the rule, was error: Rentzheimer v. Bush, 2 Pa. 88; Alexander v. Alexander, 5 Pa. 277; Green v. Hallowell, 9 Pa. 53.

The "value" of the coal, etc., which is to be trebled, is its value in place, and if in fact the mineral has a market value by the acre in place, that value is the proper standard and measure: Oak Ridge Coal Co. v. Rogers, 108 Pa. 147; Forsyth v. Wells, 41 Pa. 291.

*Boyd Crumrine,* with him *E. E. Crumrine,* for appellee, cited on the question of damages: Ege v. Kille, 84 Pa. 333; Oak Ridge Coal Co. v. Rogers, 108 Pa. 147.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:

This suit was brought to recover treble damages under the Act of May 8, 1876, P. L. 142, for coal mined and removed from that portion of the leased tract which had been reserved for the protection of the farm buildings. After describing the coal excepted from the grant, it was expressly provided, "which coal is hereby reserved for the protection of the farm buildings and within which no opening shall be made, and upon which no mining operations shall be carried on." The lessee accepted the grant subject to the exception, or reservation, whichever it may be determined to be, and the conditions imposed thereby. Appellant contends that the clause of the lease excepting the coal under a certain portion of the tract for the protection of the farm buildings constitutes a technical reservation, and if the meaning of the language used be doubtful, the grantee is entitled to the benefit of the doubt. This is a proper canon of construction as applied to a reservation in a deed, but in the case at bar we are dealing with an exception to a grant. It would do violence to the language used in the present case to hold

that it was not an exception, which by its terms and by the nature of the thing reserved, it was intended to be, and to say that it was a reservation creating a new right or interest growing out of the transaction, which in the very nature of the estate granted and reserved it could not be. The clause "excepting the coal under that portion of the tract •first described" in express words excepted the reserved portion from the grant. The subject of the exception was a thing corporate and in esse when the grant was made; it was not something newly created, as a rent, or right of way or other incorporeal interest growing out of the transaction. Under all the cases this would be held to be an exception and not a reservation: Whitaker v. Brown, 46 Pa. 197; Kister v. Reeser, 98 Pa. 1. Independently, however, of whether the coal reserved was by way of exception or reservation, the lessor was entitled to the undisturbed use and enjoyment of it within the lines of the excepted portion of the tract. The underlying disputed question of fact was the location of the coal excepted from the grant. The learned trial judge, whose duty it was to construe the written instrument, concluded that the words used in describing the coal thus excepted from the grant were not so plain and unambiguous as to require that he should decide the question as a matter of law, but that there was a latent ambiguity which could be explained by parol testimony, thus making it a question of fact to be determined by the jury. While the construction of a written instrument is the exclusive province of the court, the description of land conveyed, its limits and contents, are frequently mixed questions of law and fact; Collins v. Rush, 7 S. & R. 147. Where from the generality of the terms used in a deed, or from uncertainty of description, a doubt is raised as to the boundaries, or location, or limits of land sold, evidence aliunde may be resorted to for the purpose of aiding a jury to determine what land was intended to be included in the grant: Hoffman v. Danner, 14 Pa. 25. This rule has always prevailed in our state and was reasserted as late as Safe Deposit &

Trust Company v. Bovaird and Seyfang Mfg. Co., 229 Pa. 295. In the present case the burden was on plaintiffs to show that the coal was removed from that portion of the tract excepted from the grant. The very first step in the order of proof was to establish the lines answering the description in the deed. This they attempted to do by a surveyor and other witnesses called for the purpose. We think all of this testimony was competent because the facts were disputed, the eastern boundary line was uncertain, and what garden fence was in the minds of the parties was the real question in controversy. It is contended that the bill of particulars filed by the plaintiffs under the rules of court did not give any notice that the parties had gone upon the ground and agreed upon the location of the eastern line and that under the pleadings it was error to admit evidence tending to show such facts. This is made the subject of the first assignment of error. We cannot accept this view of the case, nor are we convinced that the rules of court were disregarded. The learned trial judge did not think so, nor do we. Accompanying the statement of claim was a copy of the lease which contained a description of the coal reserved. In their bill of particulars the plaintiffs stated that they would confine the offer of evidence in their case in chief to establishing the facts averred in their statement of claim. This was notice that they would offer evidence to establish the location of the reserved coal which was the basis of their claim. All the evidence offered was relevant to this fundamental question in the case and we see no error in its admission.

The second, third, fourth and fifth assignments relate to the measure of damages adopted in the trial of the cause. Appellant contends that the only proper measure of damages was the acreage value of the coal in place. All parties to the controversy as well as the learned trial judge concede that the value of the coal in place was the proper measure of damages, but there is some disagreement as to the proper method of arriving at the value

of the coal in place.   It is perfectly clear that the general selling value of coal by the acre in the neighborhood would be a very uncertain standard by which to measure the value of one or two acres reserved for a particular purpose.   A few acres so reserved would have no general selling value in the neighborhood.   Under these circumstances the learned court below allowed plaintiffs to prove the value of the coal at the ·pit mouth, from which was deducted the cost of mining and transporting it to that point, the difference being a measure of the value of the coal in place.   There was also evidence of the royalty value of the coal in place, that is to say, ten cents a ton, the amount fixed under the terms of the lease.   The effort of the trial judge was to require the parties to prove the value of the coal in place by the best evidence available under the circumstances.   The witnesses offered for this purpose were competent, and we think the interests of appellant were properly safeguarded.   The jury fixed the value of the coal in place upon the royalty basis of ten cents per ton, and this seems to have been fair and reasonable.

The other assignments of error are without substantial merit.

The learned trial judge presented this case to the jury with great clearness and intelligence.   He treated every question raised with judicial fairness and submitted each point in controversy to the jury in a manner free from just criticism.   The case was tried on its merits and the verdict of the jury must be accepted as the answer to the facts in dispute.

Judgment affirmed.