# Trustees of the Proprietors of Kingston, Appellants, *v.* Lehigh Valley Coal Company (No. 2).

*Mines and mining—Lease of surface—Mining by surface tenant —Damages—Measure of damages—Damage for detention—Treble damages—Coal used in operation.*

1. In an action of trespass to recover damage for the mining of coal upon land upon which the defendant, a surface tenant, had no right to operate, the measure of damages is not the value of the coal at the pit's mouth, but the proper measure of damages is the value of the coal in place. If the mine is immediately available for operation and there is a present market for the coal underlying the tract at a price per ton, the royalty value of the coal may be adopted in ascertaining its value in place, but where

there is no present market, the acreage value of the coal in its natural state is the proper measure of damages.

2. Under the facts of the present case it was not error for the trial judge to instruct the jury that the royalty value fixed in the lease of the tract in question as well as of adjoining tracts was a proper measure of the value of the coal in place.

3. Under the custom prevailing in the anthracite coal region, coal used by a lessee in the operation of a mine is not subject to royalties.

4. In such a case where the demand of the plaintiff is grossly excessive and unreasonable, the trial court properly instructs the jury that interest should not be allowed by way of compensation for detention.

5. If by mistake or other unintentional error, a trespass is committed and minerals are removed, the injured party is not entitled to recover treble damages under the Act of May 8, 1876, P. L. 142. The act does not apply where a mistake has been honestly made and is unintentional.

Argued April 16, 1913. Cross appeal, No. 9, Jan. 9., 1913, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1910, No. 486, on verdict for plaintiff in case of The Trustees of the Proprietors of Kingston v. The Lehigh Valley Coal Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Appeal dismissed.

Trespass to recover damages for coal unlawfully mined and converted to defendant's use. Before STRAUSS, J.

The facts appear in the opinion of the Supreme Court and in Trustees of Kingston v. L. V. C. Co. (No. 1), 241 Pa. 469.

Verdict for plaintiff for $101,864.51, and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings of the trial judge, and various instructions to the jury.

*J. E. Jenkins,* with him *A. L. Turner* and *W. H. Goodwin,* for appellant.

*John G. Johnson,* with him *P. F. O'Neil, J. B. Woodward,* and *F. W. Wheaton,* for appellee.

OPINION BY MR. JUSTICE ELKIN, June 27, 1913:

From the judgment entered by the court below in the present case both parties appealed. The appeal by the defendant was disposed of in an opinion just handed down. This is a cross appeal by the plaintiff. It is urged that the royalty value of the coal fixed by the court below was not a proper measure of its value in place, and that plaintiff was entitled to recover the value of the coal at the pit's mouth, deducting therefrom the cost of mining and haulage. We have already disposed of this question in the former appeal, and but little can be added to the discussion here. The value of the coal at the pit's mouth should never be allowed in this class of cases, if there is evidence to show its value in place. The cases in which the value of coal at the pit's mouth was allowed are so exceptional as to form no rule at all, and this measure of damages was allowed only as an alternative or permissive method in the absence of evidence to prove value of the coal in place. In such cases the fact to be determined is the value of coal in place, and not what it is worth as a commodity in the market after severance from the main body. A lease of all the coal underlying a tract of land with the right to mine and remove it, at a price per ton as royalty is equivalent to a sale of the coal in place. It has been so decided in numerous Pennsylvania cases. This is why the royalty basis may be adopted as a measure of damages if the facts warrant the application of the rule. If the mine is immediately available for operation and there is a present market for the coal underlying the tract at a price per ton, this method may be adopted in ascertaining the value of the coal in place. If there is no such present market, then the acreage value of the coal in its natural state would be the proper measure of damages. The cost of mining and hauling the coal to the pit's

mouth are not the only elements to be considered in the deductions to be made from selling price there, even in those cases where such a measure of damages might be considered permissible in the absence of other evidence. Capital investment, plant and mine equipment, overhead charges, and many other elements of like character, enter into the mining cost and all of these things differ so much, depending upon many circumstances and conditions, as to make the value of coal at the pit's mouth a standard too uncertain to be regarded as a rule of general application for the ascertainment of the value of coal in place. We therefore repeat that the value of coal at the pit's mouth is never to be allowed as a measure of damages if there be evidence to show its value in place. This must be considered a settled rule and of general application. Nor should Little v. Greek, 233 Pa. 534, be understood as authority for a different rule. It is true in that case the trial judge did admit evidence tending to show the value of coal at the pit's mouth, but testimony was also introduced to show the royalty value of the coal. The jury fixed the damages at the royalty value of ten cents per ton for the coal in place. Therefore, no harm resulted to the defendant by introducing evidence as to the value of the coal at the pit's mouth. This was the situation when the case was presented for our consideration on appeal, and for this reason it was decided that no harm was done defendant by the introduction of such evidence. The judgment was affirmed because, under the circumstances, we deemed the royalty value a fair compensation for the coal in place, and this was the measure of damages adopted by the jury. That case must not be considered as authority for any new or different rule. In most instances the acreage value of the coal in place is the proper measure of damages, and it is only in those cases in which the coal is available for immediate mining, and has a present market value on the basis of a royalty at a price per ton, that this measure of damages may be allowed. It is clear, therefore,

that the appellant in the present case is not entitled to recover damages on the basis of the value of the coal at the pit's mouth. It is also argued that the learned trial judge erred in instructing the jury that the royalty value fixed in the lease of the tract in question as well as of adjoining tracts was the proper measure of the value of the coal in place. As we read the evidence this was a fair measure of the value of the coal which is the subject matter of this controversy. It was the value fixed by the contracting parties under the lease, and it was the royalty agreed upon by parties interested in adjoining properties; under these circumstances we cannot say that the learned trial judge erred in so instructing the jury. Appellant was only entitled to just compensation for the trespass committed on its property, and under all the facts of this case it cannot be fairly said that the royalty value fixed at the trial was not reasonable compensation. Certainly there was no such error in this respect as would warrant a reversal here.

As to the fuel coal it need not only be said that the record in the present case discloses no facts to take it out of the rule announced in Wright v. Warrior Run Coal Co., 182 Pa. 514. It was there decided that under the custom prevailing in the anthracite coal region, coal used by a lessee in the operation of the mine is not subject to royalties. In principle that case rules the one at bar as the learned court below held.

Appellant also contends that interest should have been allowed by way of compensation for detention. The learned trial judge decided this question against the plaintiff and very properly so. The demand was grossly excessive and unreasonable as is shown by the verdict returned. The demand was for more than $2,000,000.00, while the verdict was for a little over $100,000.00. Under these facts the rule of Stevenson v. Coal Co., 203 Pa. 316, and Pierce v. Coal Co., 232 Pa. 170, clearly applies.

It is also argued that plaintiff was entitled to re-

cover treble damages under the Act of 1876. But this contention has been set at rest by the recent case of Rhoads v. Quemahoning Coal Co., 238 Pa. 283, in which our Brother MESTREZAT speaking for this court said: "If by mistake or other unintentional error, a trespass is committed and minerals are removed, the injured party may seek redress by an appropriate action, but he cannot invoke the Act of 1876 to punish a wrong unwittingly committed." This was the unanimous opinion of the court and it is a just and reasonable construction of the statute. The act was intended to punish a wrongdoer who wilfully or wantonly and intentionally mines coal from the land of another, and not to visit such a severe penalty by way of treble damages upon a party who innocently trespasses upon the land of another. It is penal in character and must be strictly construed. The act in express language provides that it is to apply in cases where the mining is done "knowing the same to be upon the land of another person or corporation without the consent of the owner." It certainly should never apply where a mistake has been honestly made and was unintentional. It would do violence to this whole record to say that it applies to the case at bar. The learned court below was clearly right in refusing to allow treble damages. We see no substantial merit in the assignments of error in the present appeal. For the reasons stated in the opinion filed in the other appeal the case must be again tried, but there is nothing which we consider reversible error presented by the assignments of error in the present appeal.

Appeal dismissed.