## Boyle, Appellant, *v.* Crowthers.

*Mines—Mining—Wrongful mining of coal—Treble damages— Act of May 8, 1876, P. L. 142.*

In an action of trespass to recover damages for the mining of coal upon the land of another, the measure of damages is not the value of the coal at the pit's mouth, less cost of mining, but is the value of the coal in place.

If the mine is immediately available for operation, and there is a present market value for the coal underlying the tract at a price per ton, the royalty value of the coal may be adopted in ascertaining its value in place, but where there is no present market value, the acreage value of the coal in its natural state is the proper measure of damages.

The value of the coal at the pit's mouth is never to be allowed as a measure of damages if there is evidence to show its value in place.

Under the Act of May 8, 1876, P. L. 142, the plaintiff is entitled to double damages for coal which has been knowingly taken. If the coal has been converted by the taker the plaintiff is entitled to treble damages.

Argued April 29, 1924.　Appeal, No. 152, April T., 1924, by plaintiff, from judgment of C. P. Washington Co., Feb. T., 1923, No. 257, on verdict for plaintiff in the case of the Right Rev. Hugh C. Boyle, Roman Catholic Bishop, Trustee, v. Lee M. Crowthers, B. Bartanzetti and John N. O'Neill, Jr., doing business under the name of the Edwina Coal Company.　Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.　Affirmed.

Trespass for damages for coal unlawfully mined.　Before BROWNSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $611.50, and judgment thereon. Plaintiff appealed.

*Error assigned* was, among others, in overruling plaintiff's offer to introduce evidence of the market value of the coal at the pit's mouth, less the cost of mining and transportation.

*Rufus S. Marriner,* and with him *James A. Wiley* and *John F. Wiley,* for appellant.—The court erred in refusing to admit evidence of the value of the coal at the pit's mouth: Little v. Greek, 233 Pa. 534; Seely v.

Alden, 61 Pa. 302; 28 American English Encyc. of Law, 2d ed., 716; Ege v. Kille, 84 Pa. 333; Herdic v. Young, 55 Pa. 176; Matthews v. Rush, 262 Pa. 524; Foster v. Weaver, 118 Pa. 42; Oak Ridge Coal Company v. Rogers, 108 Pa. 147; Guffey v. Smith, 237 U. S. 101; Pittsburgh & W. Va. Gas Co. v. Pentress Gas Co., 100 S. E. 296; Central Coal & Coke Company v. Penny, 173 Fed. 340.

*Richard G. Miller,* and with him *John H. Donnan,* for appellee.—The royalty value of the coal was the correct measure of damages: Trustees of Kingston v. Lehigh Valley Coal Co., 241 Pa. 469; Hilty v. Saltsburg Coal Mining Co., 55 Pa. Superior Ct. 104.

OPINION BY GAWTHROP, J., July 2, 1924:

This action of trespass was brought to recover treble damages under the provisions of the Act of May 8, 1876, P. L. 142. That act declares it to be a misdemeanor for any person to mine or dig out any coal, iron or other minerals, knowing the same to be upon the lands of another person or corporation without the consent of the owner and that "the person or corporation so offending shall be further liable to pay to such owner double the value of the said coal, iron or other minerals so mined, dug out or removed, or in case of the conversion of the same to the use of such offender or offenders treble the value thereof, to be recovered with costs of suit, by action of trespass or trover as the case may be."

The statement of facts agreed upon shows that plaintiff is the owner of three lots in the Fredericktown plan of lots in Washington County, the tract being two hundred and ten feet square. It is underlaid with the Pittsburgh vein of coal. Upon the tract are erected a church and a rectory. Defendant owned and was mining coal underlying an adjoining tract. In order to obtain access to certain of its coal lying north of plaintiff's property, it knowingly mined, removed and converted 357 tons of coal from under plaintiff's land without the consent of

18, (1924).]            Opinion of the Court.

the latter. It mined and removed 152 tons not knowing that it belonged to plaintiff. Plaintiff's coal was not located in a virgin field, but in the immediate vicinity of other operations in the same vein of coal which were conducted upon the royalty basis. The coal was so situated and of such small area that it would not justify an independent operation and the only economically practicable method of mining the coal was through the mine operated by defendant, which was the only possible purchaser. Plaintiff offered to show the market value of the coal mined at defendant's pit mouth, less the cost of mining and transporting. The evidence was excluded and plaintiff, under protest, offered evidence to show the value of the coal on a royalty basis, under the existing conditions, with the understanding that such offer of proof would in no way prejudice his right to raise the question that such was not the proper measure of damages. The trial judge charged the jury that the damages were to be determined upon the basis of the value of the coal in place, and that under the facts and circumstances of this case the proper method of determining the value of the coal in place was on the basis of royalty value. For the coal taken and converted with the knowledge that it was on the land of plaintiff he allowed the damages to be trebled as provided by the Act of May 8, 1876, P. L. 142. He followed Trustees of the Proprietors of Kingston v. Lehigh Valley Coal Co., 241 Pa. 469, in which our Supreme Court said: "Ordinarily the value of coal in place is understood to mean its value in a state of nature; in other words, its acreage value in a solid body. As to virgin, undeveloped coal, this is a primary rule for ascertaining the value of coal in place. This primary rule should likewise prevail except in those cases in which by reason of the location of the coal, its proximity to mining operations, or its accessibility to transportation facilities, it has a present market value on the royalty basis. If the injured party owns a tract of coal land which has a present market value for operation

as a going mine, and it has a market value for operating purposes at a price per ton, that is what is known as a royalty, he should not be deprived of the advantage which the situation of his property gives him, and in such a case it is proper to allow a recovery on the basis of royalty value."

The assignments of error raise but one question, viz: "Was it error to refuse to permit plaintiff to prove the market value of the coal at the pit mouth, less the cost of bringing it there; and to instruct the jury that the measure of damages was the value of the coal in place, such damages to be trebled for any coal which defendant mined, knowing it to have been on plaintiff's land, and converted to its use?" The able counsel for plaintiff' forcibly argues that this case is distinguishable from the Kingston case on its facts. He urges that market value for operating purposes at a price per ton, that is on the royalty basis, cannot exist when the coal is removed from competition, and there is but one possible purchaser; that a condition under which there is but one person who might buy does not constitute a market; and that proper evidence to fix a value of the coal in place failed. He says, therefore, that the alternative method of measuring the damages, that is, the value at the tipple, less the expenses of conveying it there, should have been adopted. He relies upon Trustees of Kingston v. Lehigh Valley Coal Co., supra, as supporting his contention. The court did recognize in that case that there may be exceptions to the general rule therein laid down. It said, at page 479: "It is only in cases where the evidence fails to fix the value of the coal in place, that the alternative method of measuring the damages may be adopted and such instances are exceptional and very rare." The alternative method mentioned is the value at the pit's mouth, deducting the cost of mining and transporting to that point. In the cross appeal in Trustees of Kingston v. Lehigh Valley Coal Co., 241 Pa. 481, we find the following: "The cases in which the value

of coal at the pit's mouth was allowed are so exceptional as to form no rule at all, and this measure of damages was allowed only as an alternative or permissive method in the absence of evidence to prove value of the coal in place." On page 484, the opinion continues: "We, therefore, repeat that the value of coal at the pit's mouth is never to be allowed as a measure of damages if there be evidence to show its value in place. This must be considered a settled rule and of general application." The Kingston cases were followed in Matthews v. Rush, 262 Pa. 524. On this record plaintiff has failed to present a case void of evidence of the value of the coal in place. When the trial judge excluded plaintiff's offer to prove the value of the coal at the pit mouth of defendant's mine, less the cost of placing it there, he introduced evidence of the value of the coal in place by one of the two methods which may be used to prove it, namely, by testimony as to the market value of the coal on a royalty basis. With that evidence in the case, as appears by the statement of facts agreed upon by counsel for the respective parties and placed in the record, the trial judge correctly followed the "settled rule" reannounced in the Kingston cases. The fact that the taking of the coal was tortious affects in no way the rule to be applied in determining the value of the coal. The value of the coal in place is the same whether it is taken inadvertently or knowingly. If it is taken knowingly, the plaintiff is entitled, under the Act of 1876, supra, to double damages. If the coal has been converted by the taker, he must pay treble damages.

The judgment is affirmed.