Francis et al., Appellant, *v.* Darlington Brick and Mining Company.

Argued May 2, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Thompson Bradshaw* of *May & Bradshaw*, for appellant, cited: Kingston v. Lehigh Valley Coal Co., 241 Pa. 469; Matthews v. Rush, 262 Pa. 524.

528

*Harold F. Reed,* and with him *Ralph E. Smith* and *Joseph Knox Stone,* for appellee, cited: Boyle v. Crowthers, 84 Pa. Superior Ct. 18.

OPINION BY GAWTHROP, J., July 10, 1930:

This is an action of trespass to recover damages for the tortious taking of certain of plaintiffs' coal and for making unmineable the coal within an area of about three acres of land. The statement of claim averred that William J. Nixon and wife, the owners in fee simple of a farm in South Beaver Township, Beaver County, containing about thirty-six acres, granted and conveyed to plaintiffs on August 12, 1922, all the coal underlying said land and known as the Kittanning vein, with the right to enter upon the land and mine and carry away the coal upon payment to the Nixons of a royalty of twelve cents per ton; that plaintiffs were, and had been for six years, engaged in the mining of the coal on the Nixon farm and in the operation of said mines had made a considerable investment in installing the plant necessary in the mining and removal of coal and had constructed a number of mine entries and a series of rooms underlying the Nixon tract; that defendant had been engaged in mining clay and taking out coal on a tract of land adjoining the Nixon farm, and that in the course of its operations it knowingly, wrongfully and negligently extended the same upon the Nixon farm and mined and removed certain coal belonging to plaintiffs; that it also removed the supports under certain of plaintiffs' coal so that plaintiffs were unable to mine and remove the coal underlying about three acres of ground, and it thereby became valueless to them, and that the amount of coal either removed or rendered valueless by defendant was 12,000 tons. The controversy at the trial was over the question whether the measure of damages applicable was the value of the coal in place, or its value at the pit mouth, less the

cost of mining and conveying it there. Plaintiffs contended that the facts of the case called for the application of the latter measure of damages. They offered to prove (a) that the coal wrongfully interfered with by defendant had no value in place to anybody except the Nixons, when the value is measured either by the acreage value or on the royalty basis; (b) that there was no market value for the right to mine coal in place, which is subject to the payment of the twelve cents royalty; (c) and that the selling price of coal at the mine was $2.62 a ton and the cost of producing the coal was $2.148 per ton, and the net value to plaintiffs at the pit mouth was $.472 per ton. At first the trial judge sustained an objection to offer (c) and overruled objections as to offers (a) and (b). But later he did not follow this ruling, for when one of the plaintiffs was asked "whether the coal in question on the three acres involved in this case has any value in place to anyone on the open market except your grantor, Nixon, when such value is measured either by the acreage value or on a royalty basis," defendant's objection was sustained. But the witness was permitted to testify that the three acres of coal had no market value immediately preceding the trespasses complained of and that there was at that time no market value for the right to mine this coal. When plaintiffs closed their case defendant moved for a compulsory nonsuit on the ground that plaintiffs failed to establish the value of the coal in place. When the motion was refused, defendants rested and presented points for binding instructions and for instruction that plaintiffs could not recover more than nominal damages. The court directed the jury to render a verdict for nominal damages on the ground that plaintiffs failed to show any substantial damage measured by the value of the coal in place. From the judgment entered on a verdict for nominal damages plaintiffs bring this appeal.

The only question involved is whether the measure of damages applicable to the case is the value of the coal in place, or the value at the pit's mouth, less the expense of mining and conveying it there. Appellant's contention is that under the peculiar circumstances of the case the alternative method of measuring the damages should have been adopted. It is well settled that the value of the coal at the pit's mouth, less the cost of producing it there, should never be allowed in this class of cases if there is evidence to show its value in place: Trustees of Kingston v. L. V. C. Co., 241 Pa. 481; Boyle v. Crowthers, 84 Pa. Superior Ct. 18; Matthews v. Rush, 262 Pa. 524. But in the Matthews case Mr. Justice Simpson, speaking for the court, said: "We do not say circumstances may not arise calling for the application of a different rule, but none such are averred in the statement of claim or shown by the evidence, and in the absence of such averment and proof the ordinary rule must be followed." In Valley Smokeless Coal Co. v. Hager, 292 Pa. 440, the court said: "The value of the coal in place is the standard where, as here, such evidence is available." The case at bar is not only void of evidence to prove the value of the coal in place, either on an acreage basis or on a royalty basis, but the evidence is to the effect that by reason of the fact that the coal had been sold to plaintiffs subject to the payment of a royalty to the Nixons it no longer had a market value as coal in place. Just compensation is the rule by which to measure the damages of the complaining party. A lease of all the coal underlying a tract of land with the right to mine and remove it at a price per ton as royalty is equivalent to the sale of the coal in place. This is why the royalty basis may be adopted as a measure of damages if the coal is immediately available for mining and there is a present market for the coal underlying the tract at a price per ton: Trustees of Kingston v. L. V. C. Co., 241 Pa. 481, 483. If this

were an action by the Nixons, their damage would be measured by the value of the coal in place on a royalty basis. But the action is by the owners of the mining rights in the coal, subject to the payment of a royalty. Any present market value for those rights would be affected by the fact that they were subject to the royalty. The evidence is that those rights had no market value and that the coal itself, subject to the royalty due the Nixons, had no market value. It follows that if the value of the coal in place is applied as the measure of damages plaintiffs can show no substantial damages. It seems to us clear that this is a case in which the actual loss suffered by plaintiffs can be measured only by allowing them to recover what the coal would be worth at the pit's mouth, deducting therefrom what it would cost to place it there. This will give plaintiffs the profits that they would have gained by the sale of the coal which defendant took or rendered valueless to plaintiffs. The general rule is that in actions of tort a recovery may be had for loss of profits, provided their loss is the proximate result of the defendant's wrong and they can be shown with reasonable certainty: 8 R. C. L. 508. In Hillsdale Coal & Coke Co. v. Pa. R. R. Co., 229 Pa. 61, the action was for damages for alleged illegal discrimination in furnishing transportation facilities and the Supreme Court decided that an instruction to the jury that the shipper was entitled to recover a reasonably fair profit on what was shown to be the fairly probable output of the mine discriminated against, less what was actually shipped from the mine, presented a reasonable and proper measure of damages. The court said: ''The profits lost constitute the legitimate measure of damages. The law is not so blind to justice as not to require the defendant to respond in damages, if there is any reasonable basis for their ascertainment.'' Of course, the loss of profits must be clearly shown and the proof should

not present merely a speculative basis for the claim. "All damages which ordinarily and in the natural course of things have resulted from the commission of the wrongful act are recoverable": Hillsdale Coal & Coke Co. v. Pa. R. R. Co., supra. In our view plaintiffs presented a case in which evidence of the value of the coal in place was not available to them, and the alternative method of measuring their damages should have been adopted. It follows that it was error to sustain defendant's objection to plaintiffs' offer to prove the elements entering into the cost of mining and producing the coal at the pit's mouth, the total cost of producing it there, its market value at the time of the trespass, and its net value to plaintiffs when taken or rendered valueless to them, for the purpose of proving the damages sustained.

The assignments of error are sustained, the judgment is reversed and a new trial is granted.