### CENTRAL LIFE ASSUR. SOC. v. McGREGOR et al.

#### Civ. No. 469.

District Court, E. D. Washington, N. D.

May 9, 1945.

Tustin & Chandler, of Spokane, Wash., for plaintiff.

H. Earl Davis, of Spokane, Wash., for defendant Gertrude McGregor.

Richard S. Munter, of Spokane, Wash., for defendant Gladys Jacqueline McGregor.

SCHWELLENBACH, District Judge.

This is an interpleader action in which plaintiff has deposited $5,108.07, being the proceeds of a policy of insurance upon the life of Alexander T. McGregor, who died in January, 1945. The complaint alleges that the policy was issued at a time when deceased was the husband of defendant Gertrude McGregor and that she originally was named as beneficiary. It is alleged that deceased and Gertrude McGregor were divorced in 1939 and that, in 1940, the original policy having been destroyed by fire, a new policy was issued in which defendant Gladys Jacqueline McGregor, deceased's second wife, was named as beneficiary. The complaint alleges that on the death of McGregor, it issued a check for $5,108.07 to the defendant Gladys McGregor but that prior to the deposit of the check by Gladys McGregor the defendant Gertrude McGregor asserted her claim to the proceeds of the policy and payment on the check was stopped. The plaintiff alleges its disinterestedness in the controversy between the two defendants and prays that the Court settle that controversy without further cost or expense to it and further prays that defendant Gladys McGregor be compelled to surrender to this Court for delivery to the plaintiff the check heretofore issued to her. The defendant Gladys McGregor has moved to dismiss the action on the ground that the Court is without jurisdiction.

■ Jurisdiction in this case is not conferred by the Interpleader Act of January 20, 1936, 28 U.S.C.A. § 41(26). These two defendants are both citizens of Washington. The controversy is between them. The Federal Interpleader Act gives jurisdiction of suits in equity by bills of interpleader only where two or more adverse claimants, citizens of different states, are claiming the fund or property deposited in the Registry of the Court. However, in Security Trust & Savings Bank of San Diego v. Walsh, 9 Cir., 91 F.2d 481, 483, the Ninth Circuit Court of Appeals, in considering precisely the same situation as is here involved, held that the Interpleader Act of 1936 was not intended to be exclusive and did not deprive the court of juris-diction to entertain an equity interpleader proceeding under the diversity of citizenship statute, 28 U.S.C.A. § 41(1), provided the amount in controversy exceeded $3,000. Doubt has been cast upon the controlling nature of this decision by a note in Treinies v. Sunshine Mining Co., 308 U.S. 66, 73, 60 S.Ct. 44, 48, 84 L.Ed. 85. In that case the Supreme Court discussed the applicability of the Interpleader Act and inserted the following footnote: "We do not determine whether the ruling here is inconsistent with the conclusion in those cases where jurisdiction was rested on diversity of citizenship between the applicant and cocitizens who are claimants. Mallers v. Equitable Life Assur. Soc., 7 Cir., 87 F.2d 233, certiorari denied, 301 U.S. 685, 57 S.Ct. 786, 81 L.Ed. 1343. (New York corporation impleads Illinois claimants); Security Trust & Savings Bank v. Walsh, 9 Cir., 91 F.2d 481 (English corporation impleads California claimants); Penn Mut. Life Ins. Co. v. Meguire, [D.C.W.D.Ky.], 13 F.Supp. 967, 971 (Pennsylvania corporation impleads Kentucky claimants); Turman Oil Co. v. Lathrop, [D.C.N.D.Okl.], 8 F.Supp. 870, 872 (Delaware corporation impleads Oklahoma claimants)." In view of the fact that the Security Trust & Savings Bank case was decided by the Circuit Court of Appeals for this Circuit and the Supreme Court did not see fit expressly to overrule it, I would be extremely reluctant to decline to follow it. However, it is not necessary to reach this point in deciding this case. The plaintiff, a citizen of Iowa, does have a controversy with the defendant Gladys McGregor, a citizen of Washington, over the check which it issued to her. The defendant Gertrude McGregor is a proper party to be joined in the action to determine that controversy. Therefore, we find in this case the necessary diversity of citizenship, regardless of the interpleader aspects involved in the action.

■ The defendant Gladys McGregor protests, however, that, if the action is viewed in this posture, it ceases to be an interpleader action and she urges she is entitled to dismissal on that ground, citing Klaber v. Maryland Casualty Co., 8 Cir., 69 F.2d 934, 106 A.L.R. 617. There is nothing in plaintiff's complaint which negatives the idea of disinterestedness on its part so far as the proceeds of the policy or the money deposited with the Court are concerned. What plaintiff claims is that, in error, it issued this check and it seeks in

this action to force the surrender of it. The joinder of this claim with the interpleader proceedings is now permissible under Rule 18, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Freeman v. Bee Machine Co., Inc., 319 U. S. 448, 458, 63 S.Ct. 1146, 87 L.Ed. 1509; Harlan v. Sparks, 10 Cir., 125 F.2d 502; Armour & Co. v. Bailey, Inc., 5 Cir., 132 F.2d 386.

The motion to dismiss is denied.