## E. M. FLEISCHMANN LUMBER CORP. v. RESOURCES CORP. INTERNATIONAL.

Civ. A. 1086.

United States District Court
D. Delaware.

June 24, 1953.

William H. Foulk and Herbert L. Cobin, of Wilmington, Del., Robert F. Skutch, Jr., and Weinberg & Green, of Baltimore, Md., for plaintiff.

Horace Greeley Eastburn, of Wilmington, Del., and Leonard L. Cowan, of Chicago, Ill., for defendant.

RODNEY, District Judge.

This matter involves the allowability of interest in connection with the damages recoverable in an action of tort based upon the reliance by the plaintiffs upon the untrue or fraudulent representations of the defendant. The facts of the case are set out in a former opinion of this court reported in 105 F.Supp. 681. It was there determined that the plaintiff had a cause of action, but the question of damages was severed for separate determination. Succinctly, the matter involved the question of the purchase by the plaintiff from the defendant of timber rights in a tract of land in Mexico. Certain Indian claims had been made as to a portion of the tract. It was determined in the cited case that the defendant had made incorrect or fraudulent statements as to the minor nature and extent of the Indian claims and had discour-

aged and prevented the plaintiff from making its own independent investigation. The plaintiff thereupon laid out considerable sums in the furtherance of the undertaking, but the recognition by the authorities of the nature and enlarged extent of the Indian claims caused the abandonment of the project. Subsequently, on April 9, 1953, this court, before which the case had been heard without a jury, determined the measure of damages.

The plaintiff has now moved for the inclusion of interest on the sums laid out by the plaintiff, this question of interest being now first raised.

The allowance of ante-judgment interest is a matter upon which there has been great diversity of opinion, considerable diversity existing even within the same jurisdiction. It seems certain that the trend of modern judicial opinion has been toward the extension of the allowance of interest beyond the limits where such interest was formerly allowable.

Allowance of ante-judgment interest has, at times, depended upon the character of the action, viz., whether in contract or in tort and upon whether the claim is liquidated or unliquidated. This being an action of tort, consideration will be confined to that classification.

 In tort actions the allowance of interest, whether as of right or at the discretion of the fact-finding body, depends upon the nature of the tort. There is a class of action such as trover, trespass, replevin, etc., where the conversion or retention of the property of another makes the mere return of the property or its value an inadequate compensation and in such cases interest is or may be allowable. Another class exists such as assault and battery, libel, slander, false imprisonment and seduction, in which it is generally held that interest is not allowable for the reason that no fixed standard exists to ascertain the amount on which interest could be computed.

In tort actions the use of the word "interest" as an addition to the damages awarded by the trier of the facts seems to be not exactly correct. It seems more exactly correct to state that in certain tort cases the exact return of the property or its value does not constitute full compensation to which the party may be entitled and to the damages found there should be added additional damages for the detention of the compensation awarded. This additional amount to be awarded for the detention of the compensation may and should be measured by the interest that such sum would have earned if it had been paid when it should have been paid and the additional damage is spoken of as interest. It is in such sense that the word "interest" is used in this memorandum. Adequate compensation is the fundamental principle of damages and the additional compensation for the detention of the damages, measured by the allowance as interest, is permitted in order to make the awarded damages adequate in amount.

In Hale on Damages (Hornbook series) 2d Ed. 250, it is said:

"The true test to be applied whether interest shall be allowed before judgment in a given case is not whether the damages are unliquidated or otherwise but whether the injury and consequent damages are complete and must be ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value which the court or jury must follow in fixing the amount rather than be guided by their judgment in assessing the amount to be allowed for past as well as future injury or for elements that cannot be measured by any fixed standard of value."

This brings me to a consideration of the nature of the plaintiff's claims. This court has held that in this transaction the defendant made certain representations as to the minor extent and nature of adverse claims against the property and prevented and discouraged the plaintiff from its own investigation as to the extent of such claims. Acting on these false, mistaken or fraudulent claims, the plaintiff laid out considerable sums. Being prevented by the real nature and extent of the adverse claims from completing the transaction and obtaining the value of the expenditures, the

plaintiff seeks to recover the amounts laid out and interest.

The allowance of interest in actions based on fraud or duress is the subject of an exhaustive note in 171 A.L.R. 816–866, where most or all of the authorities are collected. In many of these cases the allowance of interest was sustained where the amount due could be ascertained by computation or reference to recognized standards of value. In Sigafus v. Porter, 179 U.S. 116, 21 S.Ct. 34, 45 L.Ed. 113, the facts bear a strong analogy to the present. There the defendant, in selling a gold mine to the plaintiff, made erroneous and false statements as to ore deposits in the mine and discouraged and prevented the plaintiffs from making an independent investigation. The plaintiff acted upon the representations as made and, the mine being proven of far less value, brought suit. While the case deals largely with the measure of damages in such case, yet interest was allowed on the payments made by the plaintiff.

■ This is a diversity case and it is necessary to consider the law of Delaware in connection with the allowance of additional damages in the form of interest in tort cases. In Delaware, in the past, there is apparent, to some extent, the divergent views as to interest in such cases which is noticeable in other jurisdictions. Thus in 1878 in Boyce v. Cannon, 5 Houst. 409, 414, 10 Del. 409, 414, in an action of replevin, a jury was charged that interest in enhancement of damages was discretionary with the jury. In 1879 in Russel v. Stoeckel, 5 Houst. 464, 467, 10 Del. 464, 467, in an action of trespass, the same judge charged the jury that if the plaintiff prevailed, he was entitled to the value of the goods at the time of the trespass, "and also to interest thereon from that time to the present by way of damages resulting from

the breach of the plaintiff's premises and the exportation of his goods."

It is not necessary further to consider the law of Delaware on the subject. My associate, Chief Judge Leahy, in Superior Tube Co. v. Delaware Aircraft Industries, D.C., 60 F.Supp. 573, made a complete and exhaustive review of all the Delaware cases. If, for his purpose, it was unnecessary to include the few cases holding the allowance of interest discretionary with the jury,[1] yet he did clearly show the overwhelming and modern view in Delaware that interest in such cases is and should be recoverable. See also Stentor Electric Mfg. Co. v. Klaxon Co., 3 Cir., 125 F.2d 820.

If then, as I think, in an action of tort based upon a reliance upon false or erroneous representations, to the proven damages there should be added an additional amount of damages for the detention of the compensation awarded, using interest as the basis therefor, then it becomes necessary for the trier of the facts to determine the full and adequate compensation, including antejudgment interest due to the plaintiff.

■ The allowance of interest as a measure of compensation must be made as a matter of fairness and to accomplish justice.[2] Thus where a large part of the period of delay upon which interest might be computed was, in fact, caused by the plaintiff itself, then considerations of fairness and justice might require the elimination of such period.

■ In the present case several matters arising at or after the commencement of the suit seem to require consideration.

The plaintiff in its complaint claimed damages amounting to $2,500,000 and the full amount was strongly insisted upon during the trial. Damages were subsequently awarded in the sum of $64,263.80. It has

1. Bailey v. Capelle, 1834, 1 Har. 449, 1 Del. 449; Randel v. President, etc., of Chesapeake & Delaware Canal Co., 1 Har. 233, 318, 1 Del. 233, 318; Boyce v. Cannon, 5 Houst. 409, 414, 10 Del. 409, 414; Black's Ex'rs v. Reybold, 3 Har. 528, 3 Del. 528.

2. Hoelzel v. Gavalas, 25 N.J.Misc. 191, 52 A.2d 54, 56; Board of Commissioners v. U. S., 308 U.S. 343, 352, 60 S.Ct. 285, 84 L.Ed. 313; U. S., for Use of E. B. Kaiser Co. v. Southern Piping & Erecting Co., D.C., 92 F.Supp. 569.

846

been held that in tort actions where damages claimed and insisted upon were grossly disproportionate to the amount awarded, interest upon the award might be refused.[3]

This was largely upon the basis that the defendant was compelled to defend the entire suit and there was no amount upon which he could tender payment and thus the delay was attributable to the plaintiff.

■ In the present case also there has been a long delay between the institution of the suit on December 15, 1947, and the ascertainment of damages on April 9, 1953. First and foremost, all questions of damages were deferred and postponed on the motion of the plaintiff until after the question of liability itself had been ascertained. During all this time the damages could not be ascertained. For some of the delay the congestion of litigation in the court may have been partly responsible, and certainly some weeks' delay was caused by physical injury to the trial judge. A delay of a year and a half did ensue between the filing of the suit on December 15, 1947 and the trial on the question of liability on March 29, 1949. Another year and a half elapsed between the time of trial on March 29, 1949, and final briefs of the parties on the question of liability in October, 1950. At no time either in the complaint or at any other stage was the question of interest on damages claimed or suggested. If the case had been tried to a jury instead of to the court, the subsequent addition of interest would have raised additional questions.

An award of damages of the amounts expended by the plaintiff and amounting to $64,283.80 has been indicated. To this amount as a matter of justice and fairness should be added an additional amount for the detention of the compensation, such additional amount being measured by the legal and prevailing rate of interest.

This additional amount, as interest, I think should be $16,178.75.

The plaintiff has filed an elaborate schedule of interest computation. It has taken each payment made by or for it and allowed by the court and computed the interest to the time of the next similar payment. Interest on these combined payments was then computed (excluding the former interest itself) to the next succeeding payment and in that order to the hearing on the interest application. The interest from the dates of the payments to the institution of the suit amounts to $6,539.20. This amount should be allowed as damages measured as interest and to it should be added as similar damages one-half of the amount of legal interest from the institution of the action until the determination of the damages, viz., $9,639.55.[4]

The total award, therefore, should be $64,283.80 and $16,178.75, or $80,462.55, and an order to this effect may be submitted.

---

3. Richards v. Citizens Natural Gas Co., 130 Pa. 37, 18 A. 600; Stevenson v. Ebervale Coal Co., 203 Pa. 316, 52 A. 201; Pierce v. Lehigh Valley Coal Co., 232 Pa. 170, 81 A. 142; Trustees of Proprietors of Kingston v. Lehigh Valley Coal Co., 241 Pa. 481, 88 A. 768.

4. On a different state of facts U. S. for Use of E. B. Kaiser Co. v. Southern Piping & Erecting Co., D.C., 92 F.Supp. 569, may have some relevancy.