STATE of Delaware, ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff,

v.

The PENN CENTRAL CORPORATION, a corporation of the Commonwealth of Pennsylvania, et al., and Unknown Others, Defendants.

Superior Court of Delaware, Sussex County.

Submitted: May 9, 1986.

Decided: May 27, 1986.

David S. Lank, of Theisen, Lank, Mulford & Goldberg, Wilmington, for plaintiff.

Eduard F. von Wettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for The Penn Central Corp.

TAYLOR, Judge.

The issue here is the interest rate to be paid by the State on the portion of the condemnation award which exceeded the State's deposit and the date from which the interest should run.

10 *Del.C.* § 6113 provides that in a condemnation proceeding "[i]nterest shall accrue on the award from the date of taking possession or from the date of the award, whichever first occurs."

In this case, determination of the "date of taking possession" is not ascertainable without considering · the parties' actions both before and after the filing of this condemnation proceeding. The State Department of Transportation [State] leased this railroad strip and rails, ties, bridges and ballast [accessories] from Penn Central in 1976 and during the period through December, 1979 the lease relationship existed and Penn Central maintained the strip as a railroad under contract with the State. After the expiration of the lease, the State continued to control the maintenance and use of the strip and accessories with the consent of Penn Central.

■ This condemnation action was commenced December 4, 1978, more than a year before the lease relationship with Penn Central ended. On January 11, 1980, less than two weeks after the expiration of the lease relationship, the State deposited $451,787 for the land and accessories. The State filed a notice of intention to take possession on February 1, 1980, and on February 12, 1980 filed an affidavit of necessity in support of its proposal to take possession. On March 5, 1980 Penn Central moved to be permitted to withdraw a portion of the amount deposited by the State. An order on the proposal to take possession was not entered pending the Court's consideration of the issue raised by certain defendants other than Penn Central that the action was invalid because of lack of compliance with Chapter 95, Title 29, Delaware Code. The Court resolved this issue in favor of the State on April 18, 1980, and the Order of Possession was entered April 28, 1980. It appears that the State has been in actual possession of the land and accessories without interruption since April 1, 1976, including the period from December, 1980 up to the present time. At the hearing to determine the amount which Penn Central was to receive in this condemnation the parties agreed to an instruction that for purposes of determining value of the property taken the date of the taking was April 28, 1980. I conclude that the date which was agreed upon for purposes of determining value should be the date used for determining the rate

of interest to be added to the award, namely, April 28, 1980.

■ The date of April 28, 1980 is significant in determining the rate of interest to be applied here. Prior to August 18, 1980 the historic legal interest rate of 6% per annum applied to judgments in this Court. *Superior Tube Co. v. Delaware Aircraft Industries*, D.Del., 60 F.Supp. 573 (1945); *E.M. Fleischmann Lumber Corporation v. Resources Corp. International*, D.Del., 114 F.Supp. 843 (1953); *Martin v. The Star Publishing Company*, Del.Super., 107 A.2d 795 (1954). Awards in condemnation proceedings carry the same rate which applies to judgments generally. *Ames v. Wilmington Housing Authority*, Del. Supr., 233 A.2d 453 (1967). On April 18, 1980, 62 *Del.Laws* Ch. 228 became effective. This statute provided:

(a) The legal rate of interest on a judgment shall be at any rate expressed in the contract sued upon, or where there is no expressed contract rate, a 5% over the Federal Reserve discount rate including any surcharge, on the date of judgment, charged by the Federal Reserve Bank in the district encompassing the State of Delaware.

This statute was amended by 62 *Del. Laws* Ch. 239, which became law on May 13, 1980. The later statute rewrote the above-quoted language to establish a maximum rate for lenders to charge and to provide more specifically about the interest rate applicable to judgments.

It will be noted that between April 18, 1980 and May 13, 1980 there was no maximum permissible interest rate limiting the rate which parties could specify in a contract. This Court noted that lapse in *Rollins Environmental, etc. v. WSMW Industries*, Del.Super., 426 A.2d 1363, 1368 (1980). However, the statute which was in effect on April 28, 1980 did specify the formula for determining the interest rate to apply to a judgment where there was no expressed contract rate and the maximum interest rate to be charged by a lender.

The State points out that 62 *Del.Laws* § 228, which was in effect on April 28, 1980, does not specify a "legal rate of interest", but instead provides for specific situations, none of which apply here. The point is that there was no judgment, written contract or loan in this case. Based on this, the State contends that the rate should be 6%. The fallacy in this conclusion is that the 6% rate has been applied as a traditional rate because it looked to the legal maximum loan rate found in 6 *Del.C.* § 2301(a). That subsection was repealed effective April 18, 1980 and no longer was a part of the law. Therefore, it has no stature in determining the interest rate applicable to money which was due as of April 28, 1980.

■ Since Penn Central is entitled to receive interest on property whose possession has been taken through condemnation and no statutory rate is specifically applicable, the Court must find an appropriate contemporaneous standard. In my judgment, that standard is found in the interest rate formula which 62 *Del. Laws* Ch. 228 provided for a judgment where there was no expressed contract rate. This is the same formula which would determine the rate on a loan where no interest rate had been agreed upon. Accordingly, Penn Central is entitled to interest from April 28, 1980 at the rate 5% over the Federal Discount Rate including surcharge on April 28, 1980 charged by the Federal Reserve Bank in the district encompassing Delaware.

The parties shall confer and agree, if possible, on the exact interest rate based on the above ruling and the amount on which that rate shall be paid and shall submit an agreed form of order or schedule a conference.